Affirmed and Memorandum Opinion filed May 18, 2004









Affirmed and Memorandum Opinion filed May 18, 2004.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01293-CR

____________

 

MARVIN
DEWAYNE GRANT, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

____________________________________________________________

 

On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 01CR2102

 

____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Marvin
Dewayne Grant, guilty of murder and assessed punishment at life
imprisonment.  On appeal, appellant
contends: (1) he received ineffective assistance of counsel, and (2) the trial
court erred in admitting incriminating statements he made to police
officers.  We affirm.

I.  Factual Background








Appellant, a passenger in a
pick-up truck, pursued David Scott Gilbert to an Economy Inn in Galveston,
believing Gilbert had stolen money from him. 
The desk clerk at the Economy Inn, Gregory Sloan, testified in a videotaped
deposition that a frightened-looking man, Gilbert, entered the lobby, yelling
that people were trying to kill him. 
Within a short time, appellant also entered the Economy Inn and demanded
twenty dollars from Gilbert.  A fight
ensued and Gilbert was stabbed during the altercation.[1]  After Gilbert fell to the floor, appellant
exited the lobby and drove off with his friends in the pick-up truck.  Sloan called 9-1-1. 

When police arrived at the
Economy Inn, they found Gilbert covered with blood on the lobby floor.  He had been stabbed four times.  Less than two hours later, at the University
of Texas Medical Branch (AUTMB@) John
Sealy Hospital emergency room, Gilbert died from a neck wound that severed his
carotid artery.

Appellant was also injured in the
fight.  The driver of the pick-up truck
drove appellant to his home where they picked up appellant=s father,
and then drove them to UTMB.  After
appellant was dropped off, police stopped the truck, searched it, and obtained
blood samples later analyzed to match both the deceased=s and
appellant=s blood.  Appellant=s father
consented to a search of his home, where a bloody knife was found hidden in the
garage.  The knife was also later found
to have both appellant=s and the
deceased=s blood
on it.  Police arrested appellant at
UTMB.

II.  Discussion

A.  Ineffective Assistance of Counsel








In his first issue, appellant
contends he received ineffective assistance of counsel because his trial
counsel agreed to preserve and present Sloan=s
testimony in a videotaped deposition.[2]  He argues that the State did not have a right
to take the deposition either under the Texas Constitution[3]
or the Code of Criminal Procedure,[4]
and therefore, his constitutional right to confront the witnesses against him
was denied.  Appellant asserts that the
videotaped deposition constituted the only eyewitness testimony to the stabbing
and without this evidence, he would not have been convicted.  Therefore, he argues his attorney=s failure
to object to the taking of the videotaped deposition and his failure to move to
exclude this evidence resulted in ineffective assistance of counsel.








The standard for appellate review
of the effectiveness of counsel is dictated by the two-pronged test of Strickland
v. Washington, 466 U.S. 668 (1984). 
Under the first prong, appellant must show that his counsel=s
performance was deficient and fell below the objective standard of professional
norms.  Strickland, 466 U.S. at
687; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Under the second prong, appellant must show
that this deficient performance prejudiced his defense and there is a
reasonable probability that, but for his counsel=s errors,
the result of the proceeding would have been different.  Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002).  A reasonable
probability is one sufficient to undermine confidence in the outcome.  Id. 


In reviewing appellant=s claims,
we apply a strong presumption that counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  We presume
counsel=s actions
and decisions were reasonably professional and motivated by sound trial
strategy.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
To defeat this strong presumption of reasonable professional assistance,
appellant has the burden of presenting evidence illustrating why trial counsel
did what he did.  See id.  Appellant cannot meet this burden when counsel=s actions
may have been based on tactical decisions and the record does not specifically
focus on the reasons for the conduct of trial counsel.  See Bone, 77 S.W.3d at
830.  This kind of record is best
developed in a hearing on an application for a writ of habeas corpus or in a
motion for new trial.  See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam)
(habeas corpus); Freeman v. State, 125 S.W.3d 505, 506B07 (Tex.
Crim. App. 2003) (motion for new trial). 
When there is no evidence of counsel=s reasons
for the challenged conduct, an appellate court presumes a strategic motivation
if one can be imagined, and will not conclude that counsel=s action
was deficient unless the conduct was so outrageous that no competent attorney
would have engaged in it.  Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d
at 814. 








Here, there is nothing in the
record to overcome the presumption that counsel=s conduct
was reasonable and professional. 
Appellant did not raise the issue of ineffective assistance of counsel
in his motion for new trial.  When the
trial record is incomplete and does not provide enough evidence on which to
base a reversal, we will refrain from speculating about the reasons underlying
defense counsel=s
decisions.  See Stults v. State,
23 S.W.3d 198, 208 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d); see
also Freeman, 125 S.W.3d at 506B07; Bone,
77 S.W.3d at 833 n.13, 836.  Because
appellant has failed to establish that his trial counsel=s representation
fell below the objective standard of professional norms to satisfy the first
prong of the Strickland test, we overrule appellant=s first
issue.[5]   

B.  Admission of Oral Statements

Appellant argues in his second
issue that the trial court erred in allowing police officers to testify about
his oral statements.  He claims that
because the statements were the result of custodial interrogation and not
recorded in compliance with article 38.22, section 3 of the Texas Code of
Criminal Procedure, they were inadmissible.[6]  

1.  Standard of Review

We review a trial court=s ruling
on the admissibility of evidence using an abuse of discretion standard.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000).  An abuse of
discretion occurs if a trial judge acts arbitrarily and unreasonably without
any reference to guiding principles of law. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh=g).  We uphold the trial court=s ruling
if it is within the zone of reasonable disagreement.  Salazar v. State, 38 S.W.3d 141, 153B54 (Tex.
Crim. App. 2001).  








In analyzing the admissibility of
the statements, we consider the Texas Code of Criminal Procedure which provides
in pertinent part: ANothing
in this article precludes the admission of a statement made by the accused . .
. that is the res gestae of the arrest or of the offense, or of a statement
that does not stem from custodial interrogation . . . .@  Tex.
Code Crim. Proc. art. 38.22, ' 5.  

2.  Analysis

Police officers testified at
trial that appellant made three oral, self-incriminating statements while
waiting to be treated at UTMB.  Applying
our standard of review and considering article 38.22, section 5 of the Texas
Code of Criminal Procedure, we consider each of the three statements made.

Appellant=s first
statement was made in the presence of Officer Juan Huerta.  Huerta, a UTMB police officer, approached
appellant after being informed he had been dropped off in a truck fitting the
description of a vehicle sought by Galveston police.  Huerta asked appellant to sit down and wait
because Galveston police were on their way to talk to him.  While appellant waited, hospital personnel
approached him and asked how he hurt his hand. 
Huerta testified appellant told the hospital employee that Gilbert had
tried to stab him and that he stabbed Gilbert in self-defense.  Appellant claims this oral statement is
inadmissible because he was in custody and had not been given his Miranda
rights.   








An individual is in custody only
if under the circumstances a reasonable person would believe that his or her
freedom of movement has been curtailed to the degree associated with a formal
arrest as opposed to an investigative detention.  Dowthitt v. State, 931 S.W.2d 244, 254B55 (Tex. Crim. App. 1996) (citing Stansbury
v. California, 511 U.S. 318, 322, 114 S. Ct. 1526, 1528B30 (1994)).  Relevant factors in determining whether a
person was in custody at the time a statement was made include whether, at that
time, there was probable cause to make an arrest, whether the suspect was the
focus of the investigation, and the objective manifestations of the officer=s subjective belief.  Dowthitt, 931 S.W.2d at 254.[7]  In contrast, an investigative detention is a
temporary and narrowly tailored investigation directed at determining a person=s identity or maintaining the status
quo while officers obtain more information. 
Ramirez, 105 S.W.3d at 739; Dean v. State, 938 S.W.2d 764,
768 (Tex. App.CHouston [14th] 1997, no pet.) (citing
Comer v. State, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986)).  The ultimate inquiry is whether there was a
formal arrest or restraint on freedom associated with a formal arrest.  Stansbury, 511 U.S. at 322.

Here, we find the circumstances surrounding appellant=s first statement constitute an
investigative detention, rather than a formal arrest.  See, e.g., Rhodes v. State, 945
S.W.2d 115, 117B18 (Tex. Crim. App. 1997) (discussing the distinction between
arrest and detention); Woods v. State, 970 S.W.2d 770, 775 (Tex. App.CAustin 1998, pet. ref=d) (same).  Specifically, Huerta was not questioning
appellant, he did not discuss the offense with him, or advise appellant that he
was a suspect.  Huerta had not placed
appellant under arrest and he was free to leave, if he chose to do so.  Appellant was not handcuffed, nor
had he requested and been denied the opportunity to leave.  Also, we find no evidence in the record that
appellant believed his movements were restricted in any manner.  Because appellant was not in custody, his
oral statement was not the result of a custodial interrogation.  See Adami v. State, 524 S.W.2d
693, 699 (Tex. Crim. App. 1975) (holding remarks volunteered by appellant to
police while he was not in custody or under arrest were admissible). 








Moreover, even if appellant were
in custody, the statement he made in Huerta=s
presence was in response to a question by hospital personnel, not in response
to an inquiry from a police officer.  For
this reason also, it was not the result of custodial interrogation.  See Arnold v. State, 659 S.W.2d 45, 48
(Tex. App.CHouston [14th Dist.] 1983, no
pet.) (holding statements made to a nurse were not the result of custodial
interrogation because the nurse was not a police officer nor was she acting at
the request of the police officer to elicit incriminating information); Lavigne
v. State, No. 14-98-00856, 2000 WL 490702, at *4 (Tex. App.CHouston
[14th Dist.] Apr. 27, 2000, no pet.) (not designated for publication) (holding
that statements made to counselor at hospital were admissible because not
result of custodial interrogation).  In
addition, merely because Huerta overheard appellant=s
statement does not render it inadmissible. 
See Coronado v. State, Nos. 01-99-00912B14, 2000
WL 730682, at *3 (Tex. App.CHouston
[1st Dist.] June 8, 2000, pet. ref=d) (not
designated for publication) (holding officer=s
testimony about overheard statements made to hospital personnel were
admissible).  In sum, appellant=s
statement made in Huerta=s
presence was admissible and the trial court did not err in admitting it.  See Tex.
Code Crim. Proc. art 38.22, ' 5; Arnold,
659 S.W.2d at 48.

Appellant also made an oral
statement to Galveston police sergeant Andrew McLane that he claims should have
been excluded.  McLane approached
appellant and asked his name, but appellant did not respond.  McLane then poked appellant on the shoulder
and asked again.  McLane testified that
appellant responded: A[W]hy are
you poking on me.  I am the victim
here.  Yes, he came at me with the knife
and took the knife away from him and I stabbed the mBfB four or
five times.@ 
McLane immediately handcuffed appellant and advised him of his Miranda
rights. 








Inquiring about a suspect=s name is
not a custodial interrogation.  Townsend v. State, 813 S.W.2d 181, 186
(Tex. App.CHouston [14th Dist.] 1991, pet.
ref=d); Burns
v. State, 807 S.W.2d 878, 882 (Tex. App.CCorpus
Christi 1991, pet. ref=d).  An interrogation involves words or actions by
law enforcement officers which they should have known would elicit an
incriminating response from the suspect; however, general and routine questions
do not constitute interrogation.  Burns,
807 S.W.2d at 882; Jones v. State, 795 S.W.2d 171, 174 n.3 (Tex. Crim.
App. 1990).  Therefore, because appellant=s
statement to McLane was not a result of custodial interrogation, it was not
necessary to fulfill the requirements of article 38.22, section 3 for admission
of this oral statement.  See Tex. Code Crim. Proc. art. 38.22, '' 3, 5.

Finally, the third statement
appellant argues should have been excluded was made to Galveston police officer
Javiar Rosas.  Rosas arrived at UTMB a
couple of hours after appellant made his statement to McLane.  During direct examination, and without
objection, Rosas testified that appellant was rambling and stated, AI killed
that mC fC.@  Although appellant did not object to this
statement, during the course of Rosa=s
cross-examination, appellant established that he was in custody at the time
this statement was made.  Outside the
hearing of the jury, appellant moved for a mistrial claiming that when Rosas
testified to the statement on direct examination, appellant was unaware the
statement was made while he was in custody. 
At that point, he also objected to the statement on the basis that it
was hearsay.  The court overruled his
motion. 

The State argues appellant failed
to make a timely objection and therefore, failed to preserve the issue for our
review.  Tex. R. App. Proc. 33.1; Palomo v. State, 925 S.W.2d
329, 338 (Tex. App.CCorpus
Christi 1996, no pet.).  Because
appellant did not object to this testimony when it was elicited by the State,
we agree.[8]  However, in the interests of justice, we
consider the merits of appellant=s
argument.








Undoubtedly, because appellant
had been read his rights and handcuffed, he was in custody at the time Rosas came
into contact with him.  See Miranda,
384 U.S. at 444.  However, the statement
appellant made to Rosas was admissible under article 38.22, section 5 of the
Texas Code of Criminal Procedure, because the statement was not the result of
custodial interrogation.  According to
the evidence presented at trial, Rosas did not question appellant.  Appellant was merely rambling and speaking to
anyone who would listen.  Appellant has
failed to prove that there was an interrogation by an officer that elicited
these remarks.  The record demonstrates
that appellant=s statement was not a product of
interrogation or in response to an inquiry from an officer.  See Sanchez v. State, 589 S.W.2d 422,
423 (Tex. Crim. App. 1979); Cannon v. State, 807 S.W.2d 631, 634
(Tex. App.CHouston [14th Dist.] 1991, no
pet.).  Accordingly, the trial court did
not err in overruling the objection to the admissibility of the statement. 

In conclusion, we find the trial court
did not err in admitting appellant=s oral
statements.  Accordingly, we overrule
appellant=s second issue.  The judgment of the trial court is
affirmed.  

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed May 18, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Details of the fight were
disputed.  Although Sloan testified he
never saw a weapon, at trial appellant admitted stabbing Gilbert with a knife,
but claimed it was in self-defense. 





[2]  Sloan was unable to testify at
trial because he was suffering from a terminal illness and had moved outside
the county.  At Sloan=s deposition, defense counsel
cross-examined Sloan at length. 
Additionally, appellant was present when Sloan=s deposition was taken.  Without objection by appellant=s trial counsel, Sloan=s videotaped deposition was played
to the jury at trial.





[3]  The Texas Constitution provides:

In all criminal prosecutions the
accused . . . . shall not be compelled to give evidence against himself, and shall
have the right of being heard by himself or counsel, or both, shall be
confronted by the witnesses against him and shall have compulsory process for
obtaining witnesses in his favor, except that when the witness resides out of
the State and the offense charged is a violation of any of the anti-trust laws
of this State, the defendant and the State shall have the right to produce and
have the evidence admitted by deposition, under such rules and laws as the
Legislature may hereafter provide . . . .

Tex. Const. art. I, ' 10
(emphasis added).





[4]  The applicable
portion of article 39.01 of the Texas Code of Criminal Procedure states:

When an examination takes place in
a criminal action before a magistrate, the defendant may have the deposition of
any witness taken by any officer or officers named in this Chapter. The
defendant shall not use the deposition for any purpose unless he first consent
that the entire evidence or statement of the witness may be used against him by
the State on the trial of the case, subject to all legal objections. The deposition of a witness duly taken before an
examining trial or a jury of inquest and reduced to writing and certified
according to law where the defendant was present when such testimony was taken,
and had the privilege afforded of cross-examining the witness, or taken at any
prior trial of the defendant for the same offense, may be used by either the
State or the defendant in the trial of such defendant=s criminal case under the following circumstances: . .
. that by reason of age or bodily infirmity, such witness cannot attend.

Tex. Code Crim. Proc. art. 39.01.





[5]  Assuming for
purposes of argument that trial counsel=s
performance was deficient, appellant would not have satisfied the second prong
of Strickland.  Even without Sloan=s videotaped deposition, the result of the trial would
likely have been the same because the evidence against appellant was
overwhelming.  First, an eyewitness other
than Sloan placed appellant at the Economy Inn at the time of the
stabbing.  Second, the murder weapon was
found at appellant=s father=s
home.  DNA analysis showed that the knife=s blade and handle contained a mixture of both appellant=s and Gilbert=s
blood.  Furthermore, DNA analysis showed
a combination of appellant=s and Gilbert=s blood
on appellant=s shoe and on the interior window and door of the
pick-up truck.  





[6]  No oral statement of an accused
made as a result of custodial interrogation shall be admissible against him
unless: (1) an electronic recording is made of the statement; (2) the accused
is given the requisite warnings prior to the statement; (3) the recording device
was capable of making an accurate recording and the recording was not altered;
(4) all voices on the recording are identified; and (5) the attorney
representing the accused receives a copy no later than twenty days before the
proceeding.  Tex.
Code Crim. Proc. art. 38.22, ' 3(a)(1)B(5).





[7]  Four general
situations may constitute custody: 
(1) when the suspect is physically deprived of his freedom of action in
any significant way; (2) when a law enforcement officer tells the suspect that
he cannot leave; (3) when law enforcement officers create a situation that
would lead a reasonable person to believe that his freedom of movement has been
significantly restricted; and (4) when there is probable cause to arrest and
law enforcement officers do not tell the suspect that he is free to leave.  Dowthitt, 931 S.W.2d at 255; see Crivello v. State, 4 S.W.3d 792, 804 (Tex. App.CTexarkana 1999, no pet.); Hutto
v. State, 977 S.W.2d 855, 858 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  In the first
three situations, the restriction on freedom of movement must amount to the
degree associated with an arrest, as opposed to an investigative
detention.  Id.  In the fourth situation, the officer=s knowledge of probable cause to arrest must be
manifested to the suspect.  Dowthitt,
931 S.W.2d at 255; Ramirez v. State, 105 S.W.3d 730, 739 (Tex. App.CAustin 2003, no pet.). 

 





[8]  Even if the issue had been
preserved, the admission of inadmissible evidence can be rendered harmless if
the same or similar evidence is introduced without objection elsewhere during
trial.  See Willis v. State, 785
S.W.2d 378, 383 (Tex. Crim. App. 1989).