Opinion of March 13, 2007, Withdrawn; Affirmed and Corrected Memorandum
Opinion filed March 22, 2007








Opinion of March 13, 2007, Withdrawn; Affirmed and Corrected Memorandum Opinion filed March 22, 2007.

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00529-CR

_______________

 

DARRELL LEON ASHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

 Harris County, Texas

Trial Court Cause No. 997336

                                                                                                                                               


 

C O R R E C T E D   M E M O R A N D U
M   O P I N I O N

The opinion of March 13, 2007, is
withdrawn because of an incorrect trial court number and issues a corrected
opinion in its place.








Darrell Leon Asher appeals a
conviction for intoxication manslaughter[1]
on the grounds that: (1) the evidence is legally and factually insufficient to
prove that he committed the offense; and (2) he was denied the effective assistance
of counsel during both the guilt/innocence and punishment stages of the trial. 
We affirm.

Background

After being involved in an automobile
collision in which the other driver suffered fatal injuries, appellant was
charged with intoxication manslaughter.[2] 

Sufficiency of the Evidence

Appellant=s first issue challenges the legal
sufficiency of the evidence to prove that he committed the offense.  However,
appellant=s brief fails to identify which elements of the offense that he contends
the evidence failed to prove or in what respects the evidence presented failed
to prove any necessary facts.[3]  Therefore,
appellant=s first issue affords no basis for relief and is overruled.

Appellant=s second issue challenges the factual
sufficiency of the evidence to support his conviction on the grounds that: (1)
the other driver was at fault in causing the accident; (2) appellant=s lights were on when the accident
occurred; and (3) one of the investigating officers did not follow police
protocol when she collected and documented evidence and created the accident
scene diagram.








Appellant does not dispute that he
was driving while intoxicated when the accident occurred, but only whether his
intoxication caused the accident.[4]  However,
the evidence showed that appellant was driving above the posted speed limit and
did not brake or take other evasive action before the collision occurred. 
Appellant=s brief fails to explain how this conduct, operating either alone or concurrently
with any fault of the other driver, was insufficient to prove that his
intoxication was a cause of the accident.

Additionally, appellant=s brief fails to state how the other
facts he asserts show that the jury=s verdict was against the great
weight of the evidence.  See Tex.
R. App. P. 38.1(h); McDuff v. State, 939 S.W.2d 607, 613 (Tex.
Crim. App. 1997).  Although appellant alleges there were inconsistences in the
evidence, conflicting evidence upon which the fact finder could have reached a
different conclusion does not demonstrate factual insufficiency.  See Santellan
v. State, 939 S.W.2d 155, 166 (Tex. Crim. App. 1998).  Therefore, appellant=s second issue is without merit and
is overruled.

Ineffective Assistance

Appellant=s third issue contends that he was
denied the effective assistance of counsel at the guilt/innocence stage of the
trial because his trial counsel failed to: (1) locate crucial witnesses; (2)
call his own accident reconstructionist; and (3) present any witnesses to rebut
the State=s witnesses.  Specifically, appellant claims that Officer Michelle
Woodham, whom he argues was the most critical witness for the defense, should
have been subpoenaed to rebut Detective J. T. Meredith=s implied allegations that Woodham
was incompetent at collecting evidence and investigating the accident.[5] 
Appellant=s fourth issue contends that he was denied the effective assistance of
counsel at the punishment stage of the trial because his trial counsel failed
to make a sufficient argument to the jury to mitigate the punishment.  








To prevail on an ineffective
assistance claim, appellant must show that his defense attorney's performance
fail below an objective standard of reasonableness and there is a reasonable
probability that, but for the error, the result of the proceeding would have
been different.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Ex parte
Gonzales, 204 S.W.3d 391, 393B94 (Tex. Crim. App. 2006).  An
ineffective assistance claim must be firmly founded in the record, and the
record must affirmatively demonstrate the meritorious nature of the claim. Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  If counsel's reasons
for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been grounded in legitimate trial
strategy, we will defer to counsel's decisions and deny relief on an
ineffective assistance claim on direct appeal. Garza v. State,
___S.W.3d___,___ (Tex. Crim. App. 2007).

In this case, the record does not
reflect trial counsel=s reasons for his actions or omissions, and thus fails to
demonstrate that his conduct could not have been part of a reasonable trial
strategy.  See Garza, ___S.W.3d at ___.  The record does, however,
reflect that Officer Woodham was served with the State=s subpoena, which appellant=s trial counsel was entitled to rely
on without having to file one of his own.  See Tex. Code Crim. Proc. Ann. art 24.12 (Vernon 1989). 
Appellant also failed to develop a record of what testimony Woodham could have
provided that would have made a finding of guilt any less likely.  See Ex
parte McFarland, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005).

Additionally, during the punishment
stage, appellant=s trial counsel presented four witnesses and argued on behalf
of appellant.  Appellant=s brief does not indicate how this argument was deficient or
what further argument might have produced a more favorable outcome. 
Accordingly, appellant=s third and fourth issues are overruled, and the judgment 

of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered and Corrected
Memorandum Opinion filed March 22 , 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 45 years confinement.





[2]           See
Tex. Penal Code Ann. ' 49.08 (Vernon 2003) (a person commits intoxication
manslaughter by: (1) operating a motor vehicle in a public place, (2) while
intoxicated, and (3) by reason of that intoxication, causes the death of
another by accident or mistake).





[3]           See Tex. R. App. P. 38.1(h); McDuff v. State, 939 S.W.2d
607, 613 (Tex. Crim. App. 1997) (holding that sufficiency point was
insufficiently briefed); Hutto v. State, 977 S.W.2d 855, 858 (Tex. App.CHouston [14th Dist.] 1998, no pet.) (holding where no
argument is presented on how the evidence is insufficient, nothing is preserved
for review).  





[4]           See Tex. Penal Code Ann. '
6.04(a) (Vernon 2003) (A person is criminally responsible if the result would
not have occurred but for his conduct, operating either alone or concurrently
with another cause, unless the concurrent cause was clearly sufficient to
produce the result and the conduct of the actor was clearly insufficient.)  

 

 





[5]           Appellant apparently wanted to rebut
Detective Meredith=s testimony to show that Woodham properly followed
police protocol and that the headlamp submitted by Woodham as evidence was
actually from appellant=s pickup truck.