**Affirmed and Majority and Concurring Opinions filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00726-CR

**RICHARD EARL ORTIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1319044**

## C O N C U R R I N G   O P I N I O N

Under the applicable standard of review, the trial court did not abuse its discretion in denying appellant's motion to suppress Officer Spencer's testimony regarding appellant's statements through the point at which appellant said, "Your victim is over there." Any error in denying the motion to suppress this officer's testimony regarding appellant's final statement was harmless beyond a reasonable doubt. Though I respectfully disagree with the majority's analysis, the court is correct to affirm the trial court's judgment.

This court reviews a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. This court affords the same amount of deference to the trial court's application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* This court reviews de novo the trial court's application of the law to facts if resolution of those ultimate questions does not turn on an evaluation of credibility and demeanor. *Id.*

It is undisputed that appellant had not received any *Miranda* warnings when he made the statements in question. Therefore, this court must decide whether appellant was in custody when he made the statements. A person is in custody if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The "reasonable person" standard presupposes an innocent person. *Id.* Moreover, the subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect. *Id.*

The Court of Criminal Appeals has recognized four factors relevant to determining custody: (1) probable cause to arrest, (2) subjective intent of the police, (3) focus of the investigation, and (4) subjective belief of the defendant. *Id.* But, under *Stansbury v. California*, 511 U.S. 318, 321–24, 114 S. Ct. 1526, 1528–30, 128 L. Ed. 2d 293, 298–99 (1994), factors (2) and (4) have become irrelevant

2

except to the extent that they may be manifested in the words or actions of law enforcement officials. *See Dowthitt*, 931 S.W.2d at 254. The custody determination must be made on an ad hoc basis, after considering all of the objective circumstances. *Id.* at 255. That an interrogation begins as noncustodial does not prevent custody from arising later; a consensual inquiry can escalate into a custodial interrogation. *Id.*

The Court of Criminal Appeals has outlined at least four general situations which may constitute custody:

(1) when the suspect is physically deprived of his freedom of action in any significant way,

(2) when a law enforcement officer tells the suspect that he cannot leave,

(3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and

(4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.

*Id.* Concerning the first three situations, *Stansbury* indicates that the restriction upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention. *Dowthitt*, 931 S.W.2d at 255. Concerning the fourth situation, *Stansbury* dictates that the officers' knowledge of probable cause be manifested to the suspect. *Id.* This manifestation can occur if information substantiating probable cause is related by the suspect to the officers or if such information is related by the officers to the suspect. *Id.* Furthermore, the fourth situation does not automatically establish custody; rather, custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint

to the degree associated with an arrest. *Id.* The length of time spent interrogating the suspect is one of the factors to consider. *Id.* at 256.

Applying the foregoing legal standard to the case under review, the trial court did not err in concluding that appellant was not in custody at the time he made all of the statements, except for the final statement that appellant used his fists and that God gave appellant those fists for a reason (hereinafter the "Last Statement"). *See Hutto v. State*, 977 S.W.2d 855, 858 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Regarding the Last Statement, it may be presumed for the sake of argument that appellant's nodding his head toward his yard and his statement that "[y]our victim is over there" substantiated probable cause under the fourth situation and, combined with other circumstances, would lead a reasonable person to believe that he was under restraint to the degree associated with an arrest. Under this presumption, reversal would be required unless this court can determine, beyond a reasonable doubt, that the failure to suppress the Last Statement did not contribute to the jury's verdict at the guilt/innocence phase. *See Jones v. State*, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003). If there is a reasonable likelihood that the error materially affected the jury's deliberations, the error was not harmless. *See id.*

In conducting the harm analysis, the reviewing court should calculate, as nearly as possible, the probable impact of the failure to suppress on the jury in light of the other evidence. *See id.* In the context of a *Miranda* error, this court must assess the magnitude of the error in light of the evidence as a whole to determine the degree of prejudice to the defendant resulting from that error. *See id.* This court must assess the probable weight a juror would place upon the Last Statement. *See id.* at 778.

In light of the other evidence of appellant's guilt, including the statements appellant made to Officer Spencer before appellant made the Last Statement, this

4

court can be confident, beyond a reasonable doubt, that the failure to suppress the Last Statement did not materially contribute to the jury's "guilty" verdict. *See id.* at 783; *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). Thus, even if the trial court erred in failing to suppress the Last Statement, this error was harmless beyond a reasonable doubt. *See Jones*, 119 S.W.3d at 783; *Gardner*, 306 S.W.3d at 295.

For the foregoing reasons, I concur in the court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison. (Jamison, J., majority).
Publish — TEX. R. APP. P. 47.2(b).

5