*893 PER CURIAM: **
The Government appeals the district court’s pre-trial order suppressing in the “interest of justice” certain statements that the defendant, Reginald B. Atkins, allegedly made to law enforcement officers, but which the defendant could not subsequently recall as a result of amnesia. For the following reasons, we REVERSE and REMAND.
The defendant, Reginald B. Atkins, was indicted and arrested for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). After his arrest, while on bond, the defendant suffered an episode of hypoxic encephalopathy, resulting in a medically verifiable brain injury. As a result of the defendant’s condition, the defendant was unable to recall certain events leading up to his arrest. Specifically, the defendant did not recall inviting three officers into the house in which he was residing, leading the officers to a garage filled with guns, and then, when referring to a case with two rifles in it, telling the officers: “Those two are mine,” or “Those are my two sniper rifles.” The defendant also did not recall telling the officers, who informed the defendant that they were investigating a report of a missing shotgun, that “They’re over there” in referring to the guns located in the garage.[1]
A magistrate judge conducted a competency hearing to determine whether the defendant could obtain a fair trial despite his amnesia. The magistrate judge found that the defendant’s amnesia was real, but nonetheless concluded that the defendant was competent to stand trial. The magistrate judge acknowledged that the defendant’s statements presented a “real challenge,” but observed that “the fact that he does not remember the statement does not, standing alone, render the statement inadmissible. The District Judge will be able to deal with any issues regarding the statement in the context of the actual trial.”
The district court then held a pre-trial conference, in which the court sua sponte expressed its intent to suppress the defendant’s statements. The defendant made an oral motion to suppress the statements, which the district court granted, “[o]n the grounds that he cannot remember giving the statement and cannot question how it was given, when it was given, and whether it was given, and the nuances thereunder.”
The Government moved the district court to reconsider its ruling and requested an evidentiary hearing on the defendant’s motion to suppress. The district court held a suppression hearing in which the three law enforcement officers and the defendant’s mother testified. After the hearing, at the district court’s request, the Government filed a letter stating that it had no evidence in the case beyond the defendant’s statements and his physical possession of the rifles.
The district court issued a written order. In the order, the district court concluded, consistent with the magistrate judge’s report and recommendation, that the defendant was competent to stand trial. Nonetheless, the district court held that
in light of the evidence before this Court regarding Atkins’ lack of memory surrounding his statements to [the officers] on February 25, 2005, related to Atkins’ ownership of the two sniper rifles, and *894 Atkins’ inability to contradict the testimony of those officers or assist counsel in his defense as it relates to his making those statements, the interest of justice compels suppression of those statements.
Pursuant to 18 U.S.C. § 3731,[2] the Government appealed the district court’s suppression order.
The parties debate the applicable standard of review. The Government argues that the district court’s suppression order is most analogous to an application of the exclusionary rule based upon a violation of the defendant’s constitutional rights under the Fourth or Fifth Amendment. As such, the Government argues that the court should review the district court’s findings of fact for clear error, but that the court should review de novo whether the district court properly applied the exclusionary rule. See, e.g., United States v. Tompkins, 130 F.3d 117, 119-20 (5th Cir.1997) (“With regard to ruling on a motion to suppress, we review the district court’s factual findings for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action de novo.” (internal quotation marks omitted)). On the other hand, the defendant argues that the district court’s decision was an evidentiary ruling, which we should review only for an abuse of discretion. See United States v. Crawley, 533 F.3d 349, 353 (5th Cir.2008) (“Evidentiary rulings are reviewed for an abuse of discretion.”). We decline to resolve this dispute because reviewing the district court’s order under either standard, we conclude that the district court erred in suppressing the defendant’s statements by invoking the “interest of justice.”
The district court’s order articulated no legal authority for suppressing the defendant’s statements. We cannot countenance the district court’s exercise of unbridled discretion to admit or exclude evidence based on the district court’s unelaborated invocation of the “interest of justice.” See generally In re Dean, 527 F.3d 391, 394 (5th Cir.2008) (“With due respect for the district court’s diligent efforts to do justice, we conclude that, under the specific facts and circumstances of this case, it was contrary to the provisions of the CVRA for the court to permit and employ the ex parte proceedings that have taken place-proceedings that have no precedent, as far as we can determine.”). The interest of justice guides us always in performing our duties. Nonetheless, reliance on the “interest of justice,” without more, does not afford the district court any basis to ignore the Federal Rules of Evidence or to disregard established precedent defining the contours of the exclusionary rule. Because the district court’s only basis for suppressing the defendant’s statements— invocation of the “interest of justice” — is insufficient to support that ruling, we REVERSE and REMAND.[3]

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The defendant’s mother, Wanda Lacy, called the police to report that a shotgun owned by her late husband was missing from a house she owned, but in which her son, the defendant, was residing. Her call is what led the police to the defendant.

. Section 3731 provides in relevant part: An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

. We express no opinion on the district court's competency ruling. The district court is free to reconsider or not reconsider its competency decision on remand. Furthermore, we reverse only the district court’s exclusion of the evidence based on the court’s invocation of the "interest of justice,” as that was the only basis for the court's decision.