# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2010

No. 10-30941
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

MOSE JEFFERSON; RENEE GILL PRATT,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before BENAVIDES, CLEMENT, and ELROD, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

In this interlocutory appeal brought pursuant to 18 U.S.C. § 3731,[1] the government appeals the district court's pretrial order excluding evidence of the

---

[1] In relevant part, § 3731 states:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

*Id.*

No. 10-30941

prior convictions of Defendant Mose Jefferson for purposes of impeachment. We VACATE the exclusion order and REMAND this matter for further proceedings consistent with this opinion.

## FACTS AND PROCEEDINGS

Defendants Mose Jefferson and Renee Gill Pratt are charged, *inter alia*, with conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act. On August 21, 2009, Jefferson was convicted of two counts of bribery in violation of 18 U.S.C. § 666(a)(2) and two counts of obstruction of justice in violation of 18 U.S.C. § 1512(b)(3). The government moved to introduce evidence of Jefferson's prior convictions in its case-in-chief as intrinsically related to the conduct at issue in the pending trial pursuant to Federal Rule of Evidence 404(b).[2] The district court denied the government's motion by written order on August 27, 2010, but stated that "the Government **is allowed** to use defendant Mose Jefferson's prior conviction for purposes of cross-examination if the defendant testifies."(emphasis in original).[3] Jefferson later made a motion to change venue and Defendants made a joint motion to quash jury venire. In those motions, Defendants raised the issue of *voir dire* regarding jurors' knowledge of Jefferson's convictions. United States District Judge Ivan L.R. Lemelle held a

---

[2] Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b).

[3] The district court's decision to exclude the introduction of Jefferson's convictions under Rule 404(b) is not at issue.

2

hearing on the motions and ordered additional briefing. After receiving the additional briefs, Judge Lemelle denied both motions, but "**FURTHER ORDERED** that evidence of Defendant Mose Jefferson's prior conviction is inadmissible." (emphasis in original). The government then moved for reconsideration, or in the alternative, to continue the trial for forty days so that the government could seek authorization to appeal the district court's decision. Defendants filed an opposition. On September 29, 2010, the district court denied the government's motion to reconsider and its alternative motion to continue the trial.

That same day, the government filed a notice of appeal to this court pursuant to 18 U.S.C. § 3731, accompanied by the required certification of United States Attorney Jim Letten to the district court that "the instant appeal is not taken for purposes of delay and that the evidence [excluded by Judge Lemelle's order] is substantial proof of a fact material in the proceedings."[4] Later in the same day, the district court held a status conference during which the government moved for stay of the criminal trial proceedings. Judge Lemelle denied the motion for stay, stating "it was my interpretation under the cited statute [§ 3731] then that evidence of a prior conviction in this context is not an essential element of the crime charged and, therefore, in my interpretation, not substantial proof of a fact material in the proceedings." Judge Lemelle gave the government until noon the following day, September 30, to comply with its other pre-trial orders, to submit "something on point on [the issue of whether the

---

[4] As will be explained below, the filing of the § 3731 appeal and the United States Attorney's accompanying certification instantly divested the district court of its jurisdiction over this case. Therefore, although we discuss the remainder of the actions taken by the district court to give context to our discussion, we note that the district court was without jurisdiction to take any further action on this case as of the time and date that the government filed its notice of appeal and certification.

No. 10-30941

district court was divested of jurisdiction upon the filing of the § 3731 appeal] before we start trial," or face dismissal of the Third Superseding Indictment.

On September 30, the government filed an emergency motion seeking stay of the criminal trial proceedings[5] in this court, which Defendants opposed. That same day, this court granted the emergency motion for stay until October 11, 2010. This court additionally ordered simultaneous expedited briefing on the merits of the appeal and ordered the district court to instruct the jury venire to be available for trial on October 11, 2010. Immediately before this court granted the government's emergency motion, and although without jurisdiction to do so, the district court reconsidered its earlier order. Judge Lemelle reiterated his belief that "§ 3731 does not apply to an evidentiary ruling concerning a matter that is not an element of the charged offense" and stated that "the Government's appeal in this case does not require this Court to relinquish jurisdiction." He then concluded that "because as far as this Court can determine, the underlying evidentiary ruling is one of first impression, the Court will stay the case to allow the Government to seek relief from the Fifth Circuit." In granting the government's emergency motion to stay, this court explained it would render a decision in an expedited manner. This matter is ripe for adjudication.

## DISCUSSION

### I.    18 U.S.C. § 3731

Issues of subject matter jurisdiction are questions of law and are reviewed *de novo. See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 327 (5th Cir. 2008) (quotations omitted). Before turning to the merits of the appeal, this court will address Defendants' and the district court's misconception regarding our jurisdiction over appeals taken pursuant to § 3731. Section 3731 "permits the United States to appeal orders 'suppressing or excluding' evidence in

---

[5] The trial was scheduled to start on October 4, 2010.

criminal cases so long as the relevant United States Attorney 'certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding.'" *United States v. Smith*, 135 F.3d 963, 967 (5th Cir. 1998) (quoting 18 U.S.C. § 3731). "The provisions of this section shall be liberally construed to effectuate its purposes." 18 U.S.C. § 3731. We have interpreted § 3731 as providing "the government with as broad a right to appeal as the Constitution will permit." *Smith*, 135 F.3d at 967.

The Supreme Court addressed the "requisites of § 3731" appeals in *United States v. Helstoski*, 442 U.S. 477, 487 n.6 (1979). Specifically, the Court found that § 3731 requires that "[t]here was an order of a District Court excluding evidence; a United States Attorney filed the proper certification; and the appeal was taken within 30 days." *Id.* The Court also noted that "the purpose of the section was to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *Id.* (quotations omitted).

We have little difficulty concluding that § 3731 affords the government a basis for an appeal in this case: 1) the district court entered an order excluding evidence; 2) United States Attorney Jim Letten filed the proper certification; and 3) the appeal was taken within 30 days. The "requisites of § 3731 [are] met." *Helstoski*, 442 U.S. at 487 n.6. The district court's conclusion that § 3731 "does not apply to an evidentiary ruling concerning a matter that is not an element of the charged offense" is erroneous. First, the statute contains no such limitation and instructs courts to "liberally construe [the statute] to effectuate its purpose." *Id.* Second, the plain text of § 3731 limits it to "evidence [that] is substantial proof of a fact material in the proceeding," *id.*, not evidentiary rulings concerning matters that involve elements of the charged offense as stated by the district court. Evidence may be "substantial proof of a fact material in the proceeding" without being an element of the charged offense. Moreover, and more

importantly, the evaluation as to whether the evidence excluded by the district court "is substantial proof of a fact material in the proceeding" is to be made *by the United States Attorney*, not the district court.[6]

Indeed, once the government timely files an appeal under § 3731 and the United States Attorney makes the required certification, *we* cannot evaluate the materiality of the excluded evidence to determine whether or not to hear the appeal. Defendants rely on *Smith* for the proposition that this court must look beyond the United States Attorney's certification and make an independent inquiry as to whether the evidence sought was "substantial proof of a fact material to the proceeding." Although *Smith* did state that the evidence excluded in that case, a videotape containing allegedly false allegations, was substantial proof of a fact material to that case, *Smith* does not stand for the proposition that this court *must* make a materiality determination prior to hearing a § 3731 appeal.[7] *Smith* is also distinguishable from this case because it required the court to determine whether the equities of the case excused the government's failure to comply with § 3731's non-jurisdictional timing requirements. *Smith*, 135 F.3d at 967–68. In *Smith*, the court had the *discretion* to exercise appellate jurisdiction under § 3731 because the government's appeal was untimely. *Id.* at 967 ("[W]e *may* still entertain § 3731 appeals certified in an untimely manner.") (emphasis added). Where, as here, the appeal is timely filed, "[a]n appeal by the United States *shall* lie to a court of appeals . . ." and we need not consider the

---

[6]  *Cf.* 28 U.S.C. § 1292(b) (In civil cases, we may entertain interlocutory appeals from a non-final district court order if the *district court* certifies that it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.").

[7] *Smith* also recognized that, "[a]s the statute instructs . . . *the government* considered whether its appeal would delay justice and whether it sought substantial proof of a material fact." *Smith*, 135 F.3d at 968 (emphasis added).

equities of this case because we do not have the discretion to decline jurisdiction.[8] 18 U.S.C. § 3731 (emphasis added).

Our sister circuits that have considered this issue are in accord that the United States Attorney's certification is sufficient to establish appellate jurisdiction. *See, e.g., United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008) (en banc) ("[W]e now hold that a certification by a United States Attorney (personally, not by an Assistant United States Attorney) that the appeal is not taken for the purpose of delay and that the evidence is substantial proof of a fact material in the proceeding is sufficient for purposes of establishing our jurisdiction under § 3731."); *United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2001) ("We therefore treat as conclusive of our jurisdiction over a [§ 3731] Paragraph 2 appeal the submission of the [United States Attorney's] certification required by the statute."); *In re Grand Jury Investigation*, 599 F.2d 1224, 1226 (3d Cir. 1979) ("Pursuant to 18 U.S.C. § 3731, the United States Attorney has certified that this appeal 'is not taken for the purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.' The district court having received this certification, we are not required by section 3731 to evaluate independently the substantiality or the materiality of the contested material."); *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("The language of § 3731 implies that mere certification is required to demonstrate materiality."); *United States v. Juvenile Male No. 1*, 86 F.3d 1314, 1326 (4th Cir. 1996) (Wilkinson, J., concurring) ("[C]ertification by the U.S. Attorney under 18

---

[8] Defendants additionally rely on *United States v. Arce-Jasso* for the same proposition. 389 F.3d 124 (5th Cir. 2004). In *Arce-Jasso,* the court rejected the government's contention that "a post-verdict suppression order fails to become material to the proceedings until the court decides to grant acquittal" such that § 3731's 30-day time limit was tolled. *Id.* at 129. Although the court discussed the materiality of the suppressed evidence to determine when the 30-day period began to run, it did not evaluate materiality in order to determine its jurisdiction. Indeed, the court dismissed the appeal on the basis of untimeliness, not materiality. *Id.* at 130 ("The Government did not appeal in time; therefore, we lack jurisdiction to review the suppression decision.").

U.S.C. § 3731 that an appeal from an adverse suppression ruling is not taken for purposes of delay and involves evidence material to the proceedings" is an"executive determination [that has been] deemed outside the scope of judicial review").

In *United States v. DeQuasie*, the Fourth Circuit concisely explained the policy underlying § 3731's certification requirement:

> The certification requirement of § 3731 operates to ensure that before the United States interrupts a criminal proceeding (and thereby delays a defendant from obtaining resolution of the charges against him) by taking an interlocutory appeal, it has evaluated whether the appeal is warranted . . . the certificate itself operates as proof of the evaluation.

373 F.3d 509, 515 (4th Cir. 2004); *see also United States v. Smith*, 263 F.3d 571, 577 (6th Cir. 2001) (quotation omitted) ("The certification is intended to ensure a 'conscientious pre-appeal analysis by the responsible prosecuting official.'"); *United States v. Herman,* 544 F.2d 791, 794 (5th Cir. 1977) ("The requirement is not a mere formality; its purpose is to protect the accused from undue delay."). We additionally note that, although not required by the statute, the United States Attorney's Manual provides an additional level of review—"[a]ll appeals to the lower appellate courts handled by . . . United States Attorneys . . . must be authorized by the Solicitor General. This includes interlocutory appeals . . . ." U.S. ATTY MANUAL 2–2.121.

This is not a close case. The statute is clear—the United States Attorney's certification that the appeal is not taken for purpose of delay and that the evidence excluded by the district court's order is a substantial proof of a fact material in the proceeding is the final word on materiality for the purposes of determining whether we have jurisdiction to hear the appeal. Neither the district court nor this court can hold otherwise. As the government recognizes, the United States Attorney remains subject to this court's general supervisory

powers for discipline for frivolous or abusive interlocutory appeals. But that in an appropriate case we may potentially sanction the government for abusing its authority under § 3731 does not mean that we do not have jurisdiction to hear the appeal.[9] Accordingly, we hold that we have jurisdiction to hear the appeal under § 3731, and that as of the time the government filed its notice of appeal and the United States Attorney filed the required certification under the statute, the district court was instantly divested of its jurisdiction to take any further action in the case pending resolution of the appeal and remand from this court. All orders entered by the district court following the filing of the notice of appeal

---

[9] There is no abuse of authority in this case. We need devote only a footnote to dismissing Defendants' contention that Mose Jefferson's prior convictions are not substantial proof of a fact material in the proceedings. *If he testifies*, Jefferson's prior convictions are "substantial proof of a fact material in the proceedings." We again highlight the district court's conflation of "substantial proof of a fact material in the proceedings" with "an evidentiary ruling concerning a matter that is not an element of the charged offense." A practitioner's treatise defining materiality in the context of evidence law is instructive: "Materiality is the relationship between the proposition on which the evidence is offered and the issues in the case." ANTHONY J. BOCCHINO & DAVID A. SONENSHEIN, A PRACTICAL GUIDE TO FEDERAL EVIDENCE 46 (Nat'l Institute of Trial Advocacy 2006). In this case, if he testifies, the proposition for which evidence of Jefferson's convictions will be offered is Jefferson's credibility. If he testifies, Jefferson will have made his credibility an issue in the case—his credibility clearly will be "a fact material in the proceedings" and his convictions will clearly be "substantial proof" of that fact.

The authorities cited by Defendants, neither of which involve § 3731 appeals, are inapposite. In *United States v. Lafayette*, the D.C. Circuit held that "[i]mpeachment of a witness who testified as to a peripheral fact as a part of a substantial and massive government case" was not material enough to warrant a new trial. 983 F.2d 1102, 1106 (D.C. Cir. 1993). Jefferson is a defendant, not merely a witness, and presumably the questions directed at him on cross-examination will expand beyond peripheral facts. Contrary to Defendants' assertions, *Lafayette* does not stand for the proposition that impeachment evidence is always peripheral such that it cannot be considered substantial proof of a fact material in the proceeding. Nor is the unpublished report and recommendation from a Magistrate Judge in *Skinner v. Duncan*, No. 01 Civ. 6656, 2003 WL 21386032 (S.D.N.Y. June 17, 2003) helpful to Defendants. "Suppressed impeachment evidence is material . . . where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." *Id.* at *23 (discussing suppressed evidence to impeach government's witness and concluding that where the witness did not testify, the suppressed impeachment evidence was not material). Here, of course, the evidence of Jefferson's convictions will only be admitted if he chooses to testify.

No. 10-30941

and United States Attorney Letten's certification pursuant to § 3731 are hereby VACATED AS ISSUED WITHOUT JURISDICTION.

## II. Whether the District Court Erred by Excluding Evidence of Jefferson's Convictions for Impeachment Purposes

Having determined that we have jurisdiction to hear this appeal, we turn to its merits. Evidentiary rulings are reviewed for abuse of discretion. *United States v. Parks*, 68 F.3d 860, 867 (5th Cir. 1995).

Federal Rule of Evidence 609 governs the admissibility of evidence of convictions for impeachment purposes. Relevant here, the rule provides that "[f]or the purpose of attacking the character for truthfulness of a witness . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." FED R. EVID. 609(a)(2). "Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted." *United States v. Harper*, 527 F.3d 396, 408 (5th Cir. 2008). Rule 609(a)(2) contains "mandatory language [and] *requires* that a trial court admit evidence of such crimes to allow a party to impeach an adversary witness's credibility." *Coursey v. Broadhurst*, 888 F.2d 338, 341–42 (5th Cir. 1989) (emphasis added).[10]

Jefferson's prior convictions for bribery are crimes involving dishonesty. "[B]ribery is a *crimen falsi* in that it involves dishonesty . . . . Hence, it is automatically admissible [under] FED. R. EVID. 609(a)(2)." *United States v. Williams*, 642 F.2d 136, 140 (5th Cir. 1981).

---

[10] We note with express disapproval that *none* of the cases cited by Defendants in support of their proposition that Jefferson's convictions should not be admitted for impeachment purposes involved a court applying Rule 609(a)(2). Defendants' uncontroversial assertion that convictions admitted under Rule 609(a)(1) are subject to balancing by the district court under Rule 403 is irrelevant.

Jefferson's prior convictions for obstruction of justice in violation of 18 U.S.C. § 1512(b)(3) are admissible under Rule 609(a)(2) "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." FED R. EVID. 609(a)(2). Section 1512 provides:

> (b) Whoever knowingly uses intimidation, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> . . . .
>
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings.

18 U.S.C. § 1512(b)(3). "Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement." FED. R. EVID. 609, advisory committee's note to 2006 amendments. A defendant can be convicted of § 1512(b)(3) for intimidating or threatening another person—actions which do not involve acts of dishonesty or false statement. The statutory elements of § 1512(b)(3) therefore do not indicate whether Jefferson's convictions thereunder are crimes of dishonesty or false statement warranting automatic admission under Rule 609(a)(2). However, "[w]here the deceitful nature of the crime is not apparent from the statute and the face of the judgment . . . a proponent may offer information such as an indictment . . . or jury instructions to show that the factfinder had to find . . . an act of dishonesty or false statement in order for the witness to have been convicted." *Id.*

We turn to the indictment in the earlier case and conclude that Jefferson's convictions for obstruction of justice involve dishonesty or false statement. The

obstruction of justice charges contained therein, counts 6 and 7, read, in relevant part, as follows:

> Count 6: On or about May 21, 2007, in the Eastern District of Louisiana, defendant MOSE JEFFERSON did knowingly and corruptly attempt to persuade Ellenese Brooks-Simms to lie to federal law enforcement authorities . . . .

> Count 7: On or about May 25, 2007, in the Eastern District of Louisiana, defendant MOSE JEFFERSON did knowingly and corruptly attempt to persuade Ellenese Brooks-Simms to lie to federal law enforcement authorities . . . .

Indictment at 9, *United States v. Mose Jefferson*, No. 08-CR-085 (E.D. La. Apr. 2, 2009). Because counts 6 and 7 each charge that Jefferson knowingly and corruptly attempted to persuade another to lie to the authorities, we hold that the indictment shows that "the factfinder had to find . . . an act of dishonesty or false statement in order for [Jefferson] to have been convicted." FED. R. EVID. 609, advisory committee's note to 2006 amendments. Accordingly, we hold that evidence of Jefferson's obstruction of justice convictions must be admitted for impeachment purposes under Rule 609(a)(2) should he choose to testify.

The record reflects that the district court was concerned with the effect that Jefferson's convictions might have on the jury pool during *voir dire*. First, we note that this matter is not before this court and that we express no opinion on the district court's management of the *voir dire* process, which has yet to begin.[11] But the district court's decision to avoid applying Rule 609(a)(2) due to its view that the "overriding principal [sic] is constitutional law in the criminal context [and] is to avoid manifest injustice period" was an abuse of discretion. "[R]eliance on the 'interest of justice,' without more, does not afford the district

---

[11] Relatedly, although we are highly dubious of Defendants' argument that the application of Rule 609(a)(2) contravenes the constitutional safeguard of the right to a fair trial, this argument is not ripe. Evidence of Jefferson's convictions has not yet been introduced and indeed may ultimately never be introduced if Jefferson chooses not to testify.

court any basis to ignore the Federal Rules of Evidence . . . ." *United States v. Atkins*, 294 F. App'x 892, 894 (5th Cir. 2008) (per curiam).

"The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court." FED. R. EVID. 609, advisory committee's note to subsection (a). "Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement." *Id.* Accordingly, we hold that the district court abused its discretion in excluding evidence of Jefferson's convictions for impeachment purposes.

## CONCLUSION

All orders entered by the district court following the filing of the notice of appeal and United States Attorney Letten's certification pursuant to § 3731 are VACATED AS ISSUED WITHOUT JURISDICTION. The district court's order excluding evidence of Jefferson's convictions for purposes of impeachment is VACATED and this case is REMANDED for further proceedings consistent with this opinion.