

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### PD-0960-10

### THE STATE OF TEXAS

### v.

### RANDALL CHUPIK, Appellee

### On State's Petition for Discretionary Review
### from the Third Court of Appeals,
### Travis County

Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Johnson, Keasler, Cochran, and Alcala, JJ., joined. Johnson, J., filed a concurring opinion. Hervey, J., concurred without opinion. Price, J., filed a dissenting opinion, in which Meyers, J., joined.

We granted review to determine whether, in a State's appeal from a pretrial order granting a motion to suppress evidence, the record must reflect the evidence that was suppressed. We hold that there is not such a requirement.

The appellee, Randall Chupik, was charged by information with driving while intoxicated. The trial court granted his pretrial motion to suppress evidence. The State appealed the trial court's order under Article 44.01(a)(5) of the Code of Criminal Procedure, and the Third

Court of Appeals affirmed the order.[1] We shall reverse.

## I. The Proceedings Below

In the early morning hours of December 11, 2008, an officer of the Austin Police Department stopped the appellee's vehicle after seeing it weaving on a public street. After asking the appellee some questions, the officer gave him three field-sobriety tests, the first of which was a Horizontal Gaze Nystagmus ("HGN") test. After the three tests, the officer arrested the appellee.

At the hearing on his motion to suppress, the appellee argued that the stop and the initial questions violated his federal constitutional rights. The trial court ruled that the stop and the initial questions were permissible, but made written findings of fact and conclusions of law that the appellee was "under arrest at the conclusion of the administration of the HGN test," and was thereafter "subjected to custodial interrogation without having had his *Miranda warnings* recited to him."[2] The trial court therefore suppressed "the answers to all questions asked of [the appellee] after the administration of the [HGN test] … exclusive of his response to the question as to whether he would give a breath or blood sample." The trial court also concluded that "the evidence suppressed in this case is not of substantial importance relative to the quantity and quality of other evidence the State has available to present to prove this charge."

The State appealed the trial court's order under Article 44.01(a)(5) of the Code of Criminal Procedure and included within its notice of appeal a certification by the Travis County Attorney that the appeal was not taken for purposes of delay and the suppressed evidence was of

---

[1] *State v. Chupik*, No. 03-09-00356-CR, 2010 WL 1930110, 2010 Tex. App. LEXIS 3618 (Tex. App. – Austin, May 13, 2010) (mem. op.).

[2] Italics in original.

substantial importance in the case. The Court of Appeals held that the trial court's conclusion regarding "substantial importance" did not affect the State's right of appeal.[3] However, the Court of Appeals found that the record did not support the trial court's finding that the officer continued to question the appellee after the HGN test. The Court therefore held that the State's appeal presented nothing for review because "there is nothing in the record to show that the court's ruling will result in the exclusion of any evidence at trial."[4]

## II. Discussion

Under Article 44.01(a)(5) of the Code of Criminal Procedure, the State is entitled to appeal an order of a court in a criminal case if the order "grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case." Nothing in the plain language of Article 44.01(a)(5) requires the State to detail the items of evidence that were suppressed by the court.

Legislative history and persuasive federal authority weigh against reading into the statute a requirement of an evidentiary showing. We have noted that Article 44.01 was intended to be construed liberally in favor of State's appeals and was enacted with the intent to provide Texas prosecutors with the same broad powers afforded the federal government under Title 18, Section

---

[3] *Chupik*, 2010 WL 1930110, at *3.

[4] The Court of Appeals also held that *if it assumed* that the trial court discovered post-HGN questioning after viewing a video outside the record, the Court of Appeals would then have "no basis for reviewing the trial court's conclusion that this questioning constituted custodial interrogation," and again nothing would be presented for review. *Id.*, at *4. Because we hold that the record need not reflect the evidence suppressed, we have no need to assume the viewing of such a video. Furthermore, the record does not show that the trial court viewed such a video or that its ruling was somehow affected by it.

3731, of the United States Code.[5] The pertinent provision of Section 3731 states:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

Federal courts of appeals now agree that, once the government certifies that the evidence is a substantial proof of a material fact, a reviewing court may not review "the substantiality or the materiality"[6] of the evidence: "The statute is clear – the United States Attorney's certification that the appeal is not taken for purposes of delay and that the evidence excluded by the district court's order is a substantial proof of a fact material in the proceeding is the final word on materiality for the purposes of determining whether we have jurisdiction to hear the appeal."[7]

Similarly, we held in *Johnson v. State*[8] that a defendant may not challenge the prosecutor's certification. We explained that the statute did not require any showing of the underlying basis for the certification:

> The plain language of the literal text of Art. 44.01(a)(5) provides for the State to appeal a suppression order if jeopardy has not attached and the prosecuting attorney makes the above-noted requisite certification to the trial court. It clearly

---

[5] *See, e.g., State v. Medrano*, 67 S.W.3d 892, 896 (Tex. Cr. App. 2002); *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Cr. App. 1991).

[6] *In re Grand Jury Investigation*, 599 F.2d 1224, 1226 (7th Cir. 1979).

[7] *United States v. Jefferson*, 623 F.3d 227, 232 (5th Cir. 2010); *see also United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008) (overruling prior cases requiring "that the government's bare certification be backed up by a preliminary showing that the excluded evidence truly is material"); *United States v. Comiskey*, 460 F.2d 1293, 1297-98 (7th Cir. 1972) (holding certification need not allege "specific evidentiary facts which constitute substantial proof of the charge alleged against defendant."); *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (stating "mere certification is required to demonstrate materiality").

[8] 871 S.W.2d 744 (Tex. Cr. App. 1994).

sets forth the requirements for proceeding with such an appeal. In the instant cause, there is no claim that the State has not met those requirements. Appellee simply seeks to challenge the verity of the State's certification. Art. 44.01 does not include a provision for making such a challenge. The plain language of Art. 44.01(a)(5) simply requires the certification rather than any showing of the underlying basis for such.[9]

Despite its quotation of *Johnson*'s holding, the Court of Appeals required a showing of the suppressed evidence. To support its requirement, the court looked to *Gonzales v. State*,[10] which was cited for the proposition that "when a defendant seeks to challenge an order overruling a motion to suppress evidence, the appellate court must be able to identify 'the fruits' that the trial court held would not be suppressed."[11]

But the Court of Appeals cited only one step of the two-step inquiry formulated by *Gonzales*. The two-step inquiry stems from a long line of cases dealing very specifically with a defendant's right to appeal after pleading guilty or *nolo contendere*. Until the Legislature amended Article 44.02 of the Code of Criminal Procedure in 1977, the general rule was that defendants who pled guilty or *nolo contendere* could not appeal pretrial rulings.[12] The 1977 amendments allowed such appeals, encouraging guilty pleas where the only contested issues were matters that could be raised before trial.[13]

---

[9] *Id.*, at 749; *see also Chupik*, 2010 WL 1930110, at *3 (quoting *Johnson*).

[10] 966 S.W.2d 521 (Tex. Cr. App. 1998).

[11] *Chupik*, 2010 WL 1930110, at *3.

[12] *See, e.g., Helms v. State*, 484 S.W.2d 925, 927 (Tex. Cr. App. 1972) ("Where a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived.").

[13] *See Ferguson v. State*, 571 S.W.2d 908, 910 (Tex. Cr. App. 1978), *overruled on other grounds by Morgan v. State*, 688 S.W.2d 504, 507 (Tex. Cr. App. 1986).

The problem leading to the two-step inquiry in *Gonzales* was that Article 1.15 of the Code of Criminal Procedure required the State to introduce some evidence into the record to support a defendant's guilty plea in a felony case. Shortly after the amendment to Article 44.02, we held in *Ferguson* that when a defendant judicially confessed as part of his guilty plea in a felony case and the evidence contested in the pretrial hearing was not introduced by the State to meet its burden under Article 1.15, nothing was presented for review.[14] We then overruled *Ferguson* in *Morgan v. State*,[15] holding that the defendant's judicial confession was a fruit of the contested search or seizure, and such a confession should not bar an appellate court from reaching the merits despite the fact that the contested evidence was not introduced.[16]

Parallel to *Ferguson* and *Morgan*, a line of cases including *Isam v. State*,[17] *McGlynn v. State*,[18] and *Kraft v. State*[19] developed in the misdemeanor context.[20] These cases culminated in the holding in *Kraft* that an appellate court may review a pretrial ruling on the admissibility of evidence where the appellate court knows the content of the evidence and the evidence "is of

---

[14] 571 S.W.2d, at 910. *Ferguson* based its holding on a general rule applied in *Stiggers v. State*, 506 S.W.2d 609 (Tex. Cr. App. 1974), that "[w]here no evidence obtained as a result of a search is introduced in evidence, no error with respect to such search is presented for review." *Id.*, at 909-10.

[15] 688 S.W.2d 504 (Tex. Cr. App. 1985).

[16] *Id.*, at 507 n.2.

[17] 582 S.W.2d 44 (Tex. Cr. App. 1979).

[18] 704 S.W.2d 18 (Tex. Cr. App. 1986) (op. on reh'g).

[19] 762 S.W.2d 612 (Tex. Cr. App. 1988).

[20] The misdemeanor cases developed separately from the felony cases because evidence was not required to be introduced to support a misdemeanor plea under Article 1.15.

such a nature that it may be said it has 'somehow been used.'"[21] Then in *McKenna v. State* we applied *Kraft*'s holding to felony cases as well, citing *Kraft*'s emphasis that "if the evidence appellant maintains should have been suppressed is instrumental in obtaining a conviction then the appellate court should review the merits of the motion on appeal."[22]

*Gonzales* dealt with the specific question of whether the contested evidence had to be actually admitted into evidence at a pretrial hearing in order for an appellate court to address the merits of the appeal.[23] Based on *Kraft* and *McKenna*, *Gonzales* held that the evidence need not be actually admitted, and formulated a two-step inquiry for appellate courts to use when deciding whether to address the merits of a claim regarding the trial court's denial of a pretrial motion to suppress evidence prior to a guilty plea:

> First, the appellate court must identify "the fruits" that the trial court held would not be suppressed. Second, the appellate court must determine that these fruits have "somehow been used" by the State. If it is not clear from the testimony and exhibits what "the fruits" are, then the appellate court need not address the merits of the claim. Likewise, if the fruits have not "somehow been used" by the State, then the appellate court need not address the merits of the claim.[24]

Here, the Court of Appeals concluded that *Gonzales* "is an application of the broader principle that courts do not decide abstract questions of law or issue advisory opinions."[25] But when we trace the line of cases leading to *Gonzales*, we see the fundamental concern was not to require that the excluded evidence be identified, but rather to ensure that a conviction secured

---

[21] *Id.*, at 613-14.

[22] 780 S.W.2d 797, 799 (Tex. Cr. App. 1989).

[23] 966 S.W.2d, at 521-22.

[24] *Id.*, at 524.

[25] *Chupik*, 2010 WL 1930110, at *3.

after a guilty plea was not overturned when the evidence was of little importance in obtaining the conviction.[26] The identification of the fruits that were ruled admissible has never been a separate and independent requirement for appellate jurisdiction, but rather a necessary procedural step to enable the substantive analysis that was performed in the second step. In other words, an appellate court could not analyze whether the evidence was material unless it was clear from the record what evidence it should analyze. To now insist that appellate courts perform the first step of the *Gonzales* test independently in the Article 44.01(a)(5) context is particularly troubling where our cases and persuasive federal authority agree that the substantive second step of the *Gonzales* test, analysis of materiality, is inappropriate under the statute.

## III. Holding

We therefore hold that the record need not reflect the suppressed evidence in order for an appellate court to consider a State's interlocutory appeal under Article 44.01(a)(5). It is sufficient that the prosecuting attorney certifies that the suppressed evidence is of substantial importance in the case. We reverse the judgment of the Third Court of Appeals and remand to that court for consideration of the merits of the State's appeal.

Delivered June 15, 2011.
Publish.

---

[26] *See McGlynn*, 704 S.W.2d, at 21 ("[U]nless and until we are confident about what fruits of a search have somehow been used, the Court need not decide whether the search was constitutionally permissible."); *Kraft*, 762 S.W.2d, at 615 ("[S]o long as it may be concluded that particular evidence the accused maintains should have been suppressed ... would in any measure inculpate the accused, that evidence has been 'used' against him in securing his misdemeanor conviction, and hence, the appellate court should entertain the merits of his appeal."); *McKenna*, 780 S.W.2d, at 799 ("The emphasis in *Kraft* is that if the evidence appellant maintains should have been suppressed is instrumental in obtaining a conviction then the appellate court should review the merits of the motion on appeal.").