**James Bradley HUTTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00630–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 8, 1998.

E. Hubbard Kennady, III, College Station, for appellant.

Spencer R. Giles, Bryan, for appellee.

Before AMIDEI, SMITH and CANNON, JJ. (Former Justices SMITH and CANNON are visiting justices sitting by assignment

## OPINION

AMIDEI, Justice.

James Bradley Hutto appeals his conviction by a jury for misdemeanor driving while intoxicated (DWI). The trial court assessed his punishment at 180 days in jail, probated for 365 days, and a $2,000.00 fine, $1,500.00 of which was suspended. In four points of error, appellant contends: (1) the trial court erred in admitting evidence of appellant's incriminating statements to the officers in violation of *Miranda*;[1] (2) the trial court abused its discretion in denying appellant's motion to suppress a videotape of appellant at the scene of the accident; (3) the trial court erred admitting evidence of appellant's statements and field sobriety tests at the scene because appellant was in custody at the time; and (4) the evidence is legally insufficient to sustain appellant's conviction. We affirm.

On December 21, 1994, appellant was involved in a one car accident in Bryan. Officer Miner was dispatched to the scene shortly after the accident. Miner arrived at the scene, and observed appellant's pickup truck sitting crossways in the intersection with no one in it. Miner observed tire tracks through a grassy area that led up to the rear of the truck. Appellant was standing behind the truck, and Miner asked him if anybody had been hurt. Appellant responded by stating, "I missed my turn." Miner asked appellant to tell him what happened. Appellant told Miner that he was going down Jaguar, and when he got to the end of Jaguar, he missed his turn onto La Brisa. Miner asked appellant for his driver's license, and appellant pulled his wallet out, spilling papers and credit cards on the ground. Appellant then bent over to pick up his papers, and stumbled twice in the process. Miner noted that appellant's speech was slurred, and that he smelled strongly of alcohol. Suspecting that appellant may be intoxicated, Miner asked

appellant to perform field sobriety tests. Officer Beason arrived at the scene, and proceeded to videotape appellant doing field sobriety tests and talking to the officers. At the motion to suppress this videotape, the trial court sustained appellant's motion, in part, redacting the appearance and testimony of an unknown witness, and Officer Miner's mention on tape that appellant was "drunk." The record does not indicate who Miner was addressing when he stated appellant was drunk. In any case, such statement is not mentioned in the court reporter's transcription of the videotape testimony, and was not before the jury. Appellant did not bring forward the tape for our review. The record taken by the court reporter indicates appellant performed several field sobriety tests, and told the officers he had "four beers." Officer Miner told appellant he failed all his tests, and placed appellant under arrest for DWI at that point. The record indicates the videotape was turned off after Miner told appellant he was under arrest.

After he arrested appellant, Miner took him to the patrol car, and then read appellant his *Miranda* warnings. Thereafter, appellant was taken to the police station and given a breath test which provided readings of .184 and .189.

█ In points of error one, two, and three, appellant contends that he was in custody as soon as the officers had determined he was intoxicated at the scene, and it was error for the court to admit evidence of his statements to the officer that he had been driving the truck and had four beers. He argues the trial court should have sustained his motion to suppress and not admitted any part of the at-scene videotape in evidence. By admitting the redacted video tape, appellant contends the trial court allowed impermissible custodial interrogation by the officers without his *Miranda* warnings and violation of his Fifth Amendment right to silence.

In reviewing motions to suppress, appellate courts should afford almost total deference to a trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.      1602, 16 L.Ed.2d 694 (1966).

resolution of those ultimate questions turns on an evaluation of credibility and demeanor of the witnesses. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Appellate courts may review *de novo* "mixed questions of law and fact" not falling within this category. *Id.* Therefore, we defer to the trial court's prerogative to grant or deny a motion to suppress based on the court's assessment of witness credibility and demeanor. We will review the record applying an abuse of discretion standard of review.

■■■ A ruling on a motion to suppress lies within the sound discretion of the trial court. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). At the hearing on the motion, the trial court serves as the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.; Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990). Therefore, absent a clear showing of an abuse of discretion, we will not disturb the trial court's ruling.

The issue in this appeal is whether or not appellant was in custody at the time he told the officers he was driving the truck and that he had four beers. Appellant argues that Officer Miner had stated on the videotape, "he's drunk," and therefore had probable cause to arrest appellant at that time. Appellant argues also that a reasonable person in the same circumstances would not have felt free to leave. Therefore, appellant argues he was in "custody" and should have been given his *Miranda* warnings before Officer Miner asked him any questions about his driving and drinking. We disagree.

In *State v. Stevenson,* 958 S.W.2d 824 (Tex.Crim.App.1997), the court of criminal appeals considered a similar issue in a one car accident/DWI. In that case, Stevenson and his wife were involved in a one car accident with a road sign. *Id.* at 825. Officer Hilliard arrived on the scene shortly thereafter to investigate. Hilliard asked Stevenson who was driving, and Stevenson said his wife was driving. Stevenson's wife told Hilliard she was driving. Finding her injuries were consistent with her being a passenger, Hilliard reapproached Mr. Stevenson and again asked him who was driving. Mr. Stevenson then admitted that he had been

driving. Hilliard smelled alcohol on Stevenson's breath and administered field sobriety tests. Stevenson failed all his tests and was arrested by Hilliard for DWI. At no time before arrest was Hilliard given *Miranda* warnings. *Id.* Stevenson filed a motion to suppress all statements made during Hilliard's investigation which was granted by the trial court. Stevenson had argued his statements were privileged under article 6701d § 47, Texas Revised States (involving confidentiality of accident reports), and that his right against self-incrimination was violated. The State argued that Stevenson was not in custody for *Miranda* purposes. *Id.* at 826.

The court of criminal appeals found the accident-report statutes had no effect on the legality of Stevenson's oral statements. *Id.* at 828. Stevenson further argued that the events of the investigation by Hilliard required a finding that he was in custody in accordance with a four factor test, to wit: (1) probable cause to arrest, (2) subjective intent of police to hold suspect, (3) subjective belief of a defendant as to the status of his freedom, and (4) whether or not the focus of the investigation has finally centered on defendant. *Id.* at 826. Stevenson argued that he became the focus of Hilliard's investigation after the officer discovered Mrs. Stevenson's injury was consistent with being a passenger in the car, and not the driver of the car as initially reported by Mr. Stevenson. *Id.* Mr. Stevenson subsequently admitted that he was driving, but contended that Officer Hilliard had probable cause to arrest him for a false report when he discovered he falsely reported Mrs. Stevenson as being the driver. *Id.* Mr. Stevenson further contended that the officer's subjective intent and Stevenson's subjective belief were that Stevenson could not leave. *Id.* Stevenson argued that he was in custody at the scene because all four factors of the four-factor test were met. *Id.* Thus, Stevenson argued the facts of his case mandated a finding of custody and a violation of *Miranda. Id.*

The trial court's ruling in favor of Stevenson was affirmed by the court of appeals, and reversed by the court of criminal appeals which found that the that facts did not justify a finding that the initial noncustodial encoun-

ter between Officer Hilliard and Stevenson escalated into a custodial interrogation. *Id.* at 828. In determining whether a noncustodial encounter has so escalated, the court of criminal appeals stated:

> The United States Supreme Court has held that a traffic stop does not constitute "custody" for *Miranda* purposes. *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). We have recognized though, that subsequent events may cause a noncustodial encounter to escalate into custodial interrogation. *Dowthitt v. State,* 931 S.W.2d 244, 254–55 (Tex. Crim.App.1996). *Ussery v. State,* 651 S.W.2d 767, 770 (Tex.Crim.App.1983). *See also Berkemer,* 468 U.S. at 440, 104 S.Ct. at 3150. In determining whether a noncustodial encounter has so escalated, the four factors cited by appellee in his brief to the Court of Appeals are generally useful. *Dowthitt,* at 254–55. *Meek v. State,* 790 S.W.2d 618, 621–22 (Tex.Crim.App.1990). But those factors are relevant only to the extent that they are manifested to the suspect through the words and actions of law enforcement officials; "the custody determination is based entirely upon objective circumstances." *Dowthitt,* at 254–55. *See also Stansbury v. California,* 511 U.S. 318, 324–26, 114 S.Ct. 1526, 1530, 128 L.Ed.2d 293, 300 (1994). *Berkemer,* 468 U.S. at 442, 104 S.Ct. at 3151–52.

*Id.* at 828–29.

Stevenson argued he was in custody because probable cause existed to arrest him after Officer Hilliard discovered evidence inconsistent with his statement that his wife drove the car. *Id.* at 829 n. 7. In this case, appellant contends he was in custody because probable cause existed to arrest him after Officer Miner observed him, and stated "he's drunk" on the videotape. If Officer Miner commented that appellant was drunk it was redacted from the videotape, and is not in our record. In any case, there is no evidence in this record that Officer Miner manifested to appellant any intent to arrest until after he had performed his field sobriety tests, and was then told by Miner that he was under arrest. In *Stevenson,* the court of criminal appeals concluded that the accident investigation may have become a DWI investigation after the officer discovered a reason to doubt the veracity of Stevenson's claim that his wife drove the car. *Id.* at 829. "At most, the accident investigation may have escalated from a consensual encounter to an investigative detention. But, mere focus upon the defendant did not convert the investigation into an arrest." *Id.* In this case, as in *Stevenson,* there is no evidence in the record of appellant's subjective perception that he did not feel free to leave. There is no evidence in this record that Miner manifested to appellant any intent to arrest until after the field sobriety testing was complete, and Miner informed appellant he was under arrest for DWI. We find that appellant's investigation for field sobriety testing and questioning did not convert the roadside stop into an arrest. These acts are not sufficient to establish custody under *Miranda. Stevenson,* 958 S.W.2d at 829. Appellant's points of error one, two, and three, are overruled.

■ In point of error four, appellant contends the trial court erred in denying his motion to dismiss based on insufficiency of the evidence and failure to prove elements of the case. Although appellant raises this point of error, he fails to make any discussion of the evidence that might warrant a dismissal, nor does he argue how the evidence is insufficient under any standard of review. Appellant has not provided argument and authorities in his brief with respect to his claim, and nothing is preserved for review. TEX.R.APP. P. 38.1(g); *See McDuff v. State,* 939 S.W.2d 607, 613 (Tex.Crim.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). Appellants Fourth point of error is overruled. The judgment of the trial court is affirmed.