**The STATE of Texas**

v.

**Randall CHUPIK, Appellee.**

**No. PD–0960–10.**

Court of Criminal Appeals of Texas.

June 15, 2011.

Jeffrey L. Van Horn, Lisa C. McMinn, State's Attorneys, Austin, for State.

Randall Chupik, pro se.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined.

We granted review to determine whether, in a State's appeal from a pretrial order granting a motion to suppress evidence, the record must reflect the evidence that

was suppressed. We hold that there is not such a requirement.

The appellee, Randall Chupik, was charged by information with driving while intoxicated. The trial court granted his pretrial motion to suppress evidence. The State appealed the trial court's order under Article 44.01(a)(5) of the Code of Criminal Procedure, and the Third Court of Appeals affirmed the order.[1] We shall reverse.

## I. The Proceedings Below

In the early morning hours of December 11, 2008, an officer of the Austin Police Department stopped the appellee's vehicle after seeing it weaving on a public street. After asking the appellee some questions, the officer gave him three field-sobriety tests, the first of which was a Horizontal Gaze Nystagmus ("HGN") test. After the three tests, the officer arrested the appellee.

At the hearing on his motion to suppress, the appellee argued that the stop and the initial questions violated his federal constitutional rights. The trial court ruled that the stop and the initial questions were permissible, but made written findings of fact and conclusions of law that the appellee was "under arrest at the conclusion of the administration of the HGN test," and was thereafter "subjected to custodial interrogation without having had his *Miranda warnings* recited to him."[2] The trial court therefore suppressed "the

answers to all questions asked of [the appellee] after the administration of the [HGN test] ... exclusive of his response to the question as to whether he would give a breath or blood sample." The trial court also concluded that "the evidence suppressed in this case is not of substantial importance relative to the quantity and quality of other evidence the State has available to present to prove this charge."

The State appealed the trial court's order under Article 44.01(a)(5) of the Code of Criminal Procedure and included within its notice of appeal a certification by the Travis County Attorney that the appeal was not taken for purposes of delay and the suppressed evidence was of substantial importance in the case. The Court of Appeals held that the trial court's conclusion regarding "substantial importance" did not affect the State's right of appeal.[3] However, the Court of Appeals found that the record did not support the trial court's finding that the officer continued to question the appellee after the HGN test. The Court therefore held that the State's appeal presented nothing for review because "there is nothing in the record to show that the court's ruling will result in the exclusion of any evidence at trial."[4]

## II. Discussion

■ Under Article 44.01(a)(5) of the Code of Criminal Procedure, the State is entitled to appeal an order of a court in a criminal case if the order "grants a motion

1. *State v. Chupik*, No. 03–09–00356–CR, 2010 WL 1930110, 2010 Tex.App. LEXIS 3618 (Tex.App.—Austin, May 13, 2010) (mem.op.).

2. Italics in original.

3. *Chupik*, 2010 WL 1930110, at *3.

4. The Court of Appeals also held that *if it assumed* that the trial court discovered post-HGN questioning after viewing a video outside the record, the Court of Appeals would

then have "no basis for reviewing the trial court's conclusion that this questioning constituted custodial interrogation," and again nothing would be presented for review. *Id.*, at *4. Because we hold that the record need not reflect the evidence suppressed, we have no need to assume the viewing of such a video. Furthermore, the record does not show that the trial court viewed such a video or that its ruling was somehow affected by it.

to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case." Nothing in the plain language of Article 44.01(a)(5) requires the State to detail the items of evidence that were suppressed by the court.

Legislative history and persuasive federal authority weigh against reading into the statute a requirement of an evidentiary showing. We have noted that Article 44.01 was intended to be construed liberally in favor of State's appeals and was enacted with the intent to provide Texas prosecutors with the same broad powers afforded the federal government under Title 18, Section 3731, of the United States Code.[5] The pertinent provision of Section 3731 states:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is

a substantial proof of a fact material in the proceeding.

Federal courts of appeals now agree that, once the government certifies that the evidence is a substantial proof of a material fact, a reviewing court may not review "the substantiality or the materiality"[6] of the evidence: "The statute is clear—the United States Attorney's certification that the appeal is not taken for purposes of delay and that the evidence excluded by the district court's order is a substantial proof of a fact material in the proceeding is the final word on materiality for the purposes of determining whether we have jurisdiction to hear the appeal."[7]

Similarly, we held in *Johnson v. State*[8] that a defendant may not challenge the prosecutor's certification. We explained that the statute did not require any showing of the underlying basis for the certification:

> The plain language of the literal text of Art. 44.01(a)(5) provides for the State to appeal a suppression order if jeopardy has not attached and the prosecuting attorney makes the above-noted requisite certification to the trial court. It clearly sets forth the requirements for proceeding with such an appeal. In the instant cause, there is no claim that the State has not met those requirements. Appellee simply seeks to challenge the verity of the State's certification. Art. 44.01 does not include a provision for

---

**5.** *See, e.g., State v. Medrano,* 67 S.W.3d 892, 896 (Tex.Cr.App.2002); *State v. Moreno,* 807 S.W.2d 327, 332 (Tex.Cr.App.1991).

**6.** *In re Grand Jury Investigation,* 599 F.2d 1224, 1226 (3d Cir.1979).

**7.** *United States v. Jefferson,* 623 F.3d 227, 232 (5th Cir.2010); *see also United States v. W.R. Grace,* 526 F.3d 499, 506 (9th Cir.2008) (overruling prior cases requiring "that the government's bare certification be backed up by a preliminary showing that the excluded evi-

dence truly is material"); *United States v. Comiskey,* 460 F.2d 1293, 1297–98 (7th Cir. 1972) (holding certification need not allege "specific evidentiary facts which constitute substantial proof of the charge alleged against defendant."); *United States v. Johnson,* 228 F.3d 920, 924 (8th Cir.2000) (stating "mere certification is required to demonstrate materiality").

**8.** 871 S.W.2d 744 (Tex.Cr.App.1994).

making such a challenge. The plain language of Art. 44.01(a)(5) simply requires the certification rather than any showing of the underlying basis for such.[9]

Despite its quotation of *Johnson's* holding, the Court of Appeals required a showing of the suppressed evidence. To support its requirement, the court looked to *Gonzales v. State*,[10] which was cited for the proposition that "when a defendant seeks to challenge an order overruling a motion to suppress evidence, the appellate court must be able to identify 'the fruits' that the trial court held would not be suppressed."[11]

But the Court of Appeals cited only one step of the two-step inquiry formulated by *Gonzales*. The two-step inquiry stems from a long line of cases dealing very specifically with a defendant's right to appeal after pleading guilty or *nolo contendere*. Until the Legislature amended Article 44.02 of the Code of Criminal Procedure in 1977, the general rule was that defendants who pled guilty or *nolo contendere* could not appeal pretrial rulings.[12] The 1977 amendments allowed such appeals, encouraging guilty pleas where the only contested issues were matters that could be raised before trial.[13]

The problem leading to the two-step inquiry in *Gonzales* was that Article 1.15 of the Code of Criminal Procedure required the State to introduce some evidence into the record to support a defendant's guilty plea in a felony case. Shortly after the amendment to Article 44.02, we held in *Ferguson* that when a defendant judicially confessed as part of his guilty plea in a felony case and the evidence contested in the pretrial hearing was not introduced by the State to meet its burden under Article 1.15, nothing was presented for review.[14] We then overruled *Ferguson* in *Morgan v. State*,[15] holding that the defendant's judicial confession was a fruit of the contested search or seizure, and such a confession should not bar an appellate court from reaching the merits despite the fact that the contested evidence was not introduced.[16]

Parallel to *Ferguson* and *Morgan,* a line of cases including *Isam v. State,*[17] *McGlynn v. State,*[18] and *Kraft v. State*[19] developed in the misdemeanor context.[20] These cases culminated in the holding in *Kraft* that an appellate court may review a

9. *Id.,* at 749; *see also Chupik,* 2010 WL 1930110, at *3 (quoting *Johnson* ).

10. 966 S.W.2d 521 (Tex.Cr.App.1998).

11. *Chupik,* 2010 WL 1930110, at *3.

12. *See, e.g., Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972) ("Where a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived.").

13. *See Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Cr.App.1978), *overruled on other grounds by Morgan v. State,* 688 S.W.2d 504, 507 (Tex. Cr.App.1985).

14. 571 S.W.2d, at 910. *Ferguson* based its holding on a general rule applied in *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974),

that "[w]here no evidence obtained as a result of a search is introduced in evidence, no error with respect to such search is presented for review." *Id.,* at 909–10.

15. 688 S.W.2d 504 (Tex.Cr.App.1985).

16. *Id.,* at 507 n. 2.

17. 582 S.W.2d 441 (Tex.Cr.App.1979).

18. 704 S.W.2d 18 (Tex.Cr.App.1986) (op. on reh'g).

19. 762 S.W.2d 612 (Tex.Cr.App.1988).

20. The misdemeanor cases developed separately from the felony cases because evidence was not required to be introduced to support a misdemeanor plea under Article 1.15.

pretrial ruling on the admissibility of evidence where the appellate court knows the content of the evidence and the evidence "is of such a nature that it may be said it has 'somehow been used.'"[21] Then in *McKenna v. State* we applied *Kraft*'s holding to felony cases as well, citing *Kraft*'s emphasis that "if the evidence appellant maintains should have been suppressed is instrumental in obtaining a conviction then the appellate court should review the merits of the motion on appeal."[22]

*Gonzales* dealt with the specific question of whether the contested evidence had to be actually admitted into evidence at a pretrial hearing in order for an appellate court to address the merits of the appeal.[23] Based on *Kraft* and *McKenna*, *Gonzales* held that the evidence need not be actually admitted, and formulated a two-step inquiry for appellate courts to use when deciding whether to address the merits of a claim regarding the trial court's denial of a pretrial motion to suppress evidence prior to a guilty plea:

> First, the appellate court must identify "the fruits" that the trial court held would not be suppressed. Second, the appellate court must determine that these fruits have "somehow been used" by the State. If it is not clear from the testimony and exhibits what "the fruits" are, then the appellate court need not address the merits of the claim. Like-

wise, if the fruits have not "somehow been used" by the State, then the appellate court need not address the merits of the claim.[24]

Here, the Court of Appeals concluded that *Gonzales* "is an application of the broader principle that courts do not decide abstract questions of law or issue advisory opinions."[25] But when we trace the line of cases leading to *Gonzales*, we see the fundamental concern was not to require that the excluded evidence be identified, but rather to ensure that a conviction secured after a guilty plea was not overturned when the evidence was of little importance in obtaining the conviction.[26] The identification of the fruits that were ruled admissible has never been a separate and independent requirement for appellate jurisdiction, but rather a necessary procedural step to enable the substantive analysis that was performed in the second step. In other words, an appellate court could not analyze whether the evidence was material unless it was clear from the record what evidence it should analyze. To now insist that appellate courts perform the first step of the *Gonzales* test independently in the Article 44.01(a)(5) context is particularly troubling where our cases and persuasive federal authority agree that the substantive second step of

21. *Id.*, at 613–14.

22. 780 S.W.2d 797, 799 (Tex.Cr.App.1989).

23. 966 S.W.2d, at 521–22.

24. *Id.*, at 524.

25. *Chupik*, 2010 WL 1930110, at *3.

26. *See McGlynn*, 704 S.W.2d, at 21 ("[U]nless and until we are confident about what fruits of a search have somehow been used, the Court need not decide whether the search was constitutionally permissible."); *Kraft*, 762 S.W.2d, at 615 ("[S]o long as it may be con-cluded that particular evidence the accused maintains should have been suppressed ... would in any measure inculpate the accused, that evidence has been 'used' against him in securing his misdemeanor conviction, and hence, the appellate court should entertain the merits of his appeal."); *McKenna*, 780 S.W.2d, at 799 ("The emphasis in *Kraft* is that if the evidence appellant maintains should have been suppressed is instrumental in obtaining a conviction then the appellate court should review the merits of the motion on appeal.").

the *Gonzales* test, analysis of materiality, is inappropriate under the statute.

### III. Holding

■ We therefore hold that the record need not reflect the suppressed evidence in order for an appellate court to consider a State's interlocutory appeal under Article 44.01(a)(5). It is sufficient that the prosecuting attorney certifies that the suppressed evidence is of substantial importance in the case. We reverse the judgment of the Third Court of Appeals and remand to that court for consideration of the merits of the State's appeal.

JOHNSON, J., filed a concurring opinion.

HERVEY, J., concurred without opinion.

PRICE, J., filed a dissenting opinion, in which MEYERS, J., joined.

JOHNSON, J., filed a concurring opinion.

The issue presented by the State Prosecuting Attorney (SPA) is the extent of the state's right to an interlocutory appeal when a trial court has granted a defendant's motion to suppress evidence. In this case, the SPA explicitly limits its definition of the issue "to the narrow circumstances [in which] the evidence is suppressed because it was 'illegally obtained,' and does not include the exclusion of evidence for other reasons, such as a violation of the rules of evidence. In the latter instance, specification of the evidence would usually be necessary to the review-

ing court's determination of any trial-court error in the admissibility ruling."[1] The SPA argues in its brief[2] that available case law deals with the standards and protocols when a defendant appeals the denial of a motion to suppress evidence. *See, e.g., Gonzales v. State,* 966 S.W.2d 521 (Tex. Crim.App.1998). This is a mirror image of the circumstances of the case before us. The state also asserts that this appears to be a case of first impression, saying that it is unaware of any case law from this Court that has addressed the present issue. However, *Johnson v. State,* 871 S.W.2d 744 (Tex.Crim.App.1994), is directly on point.

Johnson was indicted for capital murder. He moved to suppress evidence, and the trial court granted his motion. The state appealed, and the court of appeals reversed the suppression ruling. Both sides filed petitions for discretionary review. In one of three grounds, Johnson challenged the sufficiency of the state's petition,[3] asking whether Article 44.01(a)(5) permitted "the defendant awaiting trial [to] challenge that certification in the trial court and on appeal." *Id.* at 748.

This Court held that

[t]he plain language of the literal text of Art. 44.01(a)(5) provides for the State to appeal a suppression order if jeopardy has not attached and the prosecuting attorney makes the ... requisite certification to the trial court.... Appellee simply seeks to challenge the verity of the State's certification. Art. 44.01 does not include a provision for making such

---

1. SPA's Brief, p. 4 n. 2.

2. In a record hearing before the trial court, Mr. Chupik declined to file a brief or to be represented on appeal.

3. Does Art. 44.01(a)(5), V.A.C.C.P. grant absolute discretion to the prosecutor to appeal any

pretrial ruling suppressing evidence, a confession or admission simply by certifying that it is of substantial importance in the case, as the court held below, or may the defendant awaiting trial challenge that certification in the trial court and on appeal?

a challenge. The plain language of Art. 44.01(a)(5) simply requires the certification rather than any showing of the underlying basis for such.

*Id.* at 749.

The state's burden is defined, as the *Johnson* Court's opinion states, by the plain language of the statute. The statute's plain, unambiguous language authorizes an interlocutory appeal by the state based solely on the state's certification that "the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case." [4] Under both *Johnson* and the statute, the verity of that certification may not be challenged nor may the state be required to place into the record the evidence that was suppressed or to submit to cross-examination on the issue of substantial importance.

With these comments, I join the opinion of the court.

PRICE, J., filed a dissenting opinion in which MEYERS, J., joined.

I would hold that the court of appeals did not err to refuse to treat the merits of the State's claim that the trial court erred to grant the appellee's motion to suppress in this cause. In any event, the court of appeals rejected the State's appeal on an alternative basis that the Court today does not even address before remanding the cause to the court of appeals for a merits review. I therefore dissent.

**I.**

The trial court made a purported finding in this cause that "[t]he evidence suppressed ... is not of substantial importance" to the State's case.[1] The court of appeals rightly held that, under Article 44.01(a)(5) and (i) of the Code of Criminal Procedure,[2] it is the County Attorney's assessment of the importance of the suppressed evidence to the case, not the trial court's, that determines whether the State has a right to appeal from an order granting a motion to suppress.[3] Thus, the court of appeals acknowledged the State's right to appeal. But it went on to hold, in essence, that in the absence of any indication from the record that there even existed a statement to be suppressed, any opinion it might render on the merits of the State's appeal would constitute an advisory opinion.[4] I agree with the court of appeals that, if the trial court's grant of the appel-

---

4. It may be that, if later events reveal a lack of good faith in the filing of the required certification, the prosecuting attorney who filed it could be subject to discipline.

1. *State v. Chupik,* 2010 WL 1930110 (No. 03–09–00356–CR, Tex.App.—Austin, delivered May 13, 2010) (not designated for publication), at *2.

2. *See* TEX.CODE CRIM. PROC. art. 44.01(a)(5) ("The state is entitled to appeal an order of a court in a criminal case if the order ... grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admis-

sion is of substantial importance in the case[.]"); *id.* (i) ("In this article, 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney."). In Travis County, the County Attorney has the primary responsibility for prosecuting cases in the county court at law, where this misdemeanor DWI was prosecuted.

3. *State v. Chupik, supra,* at *3.

4. *See id.* (construing this Court's opinion in *Gonzales v. State,* 966 S.W.2d 521 (Tex.Crim. App.1998), to be "an application of the broader principle that courts do not decide abstract questions of law or issue advisory opinions.").

lee's motion to suppress did not, for all the record reveals,[5] actually result in the suppression of concrete evidence, then any opinion the court of appeals might offer with respect to the legality of the trial court's ruling would be purely academic and therefore purely advisory. Neither the federal exclusionary rule nor our own statutory exclusionary rules will come into play if there is no evidence to exclude, and for the court of appeals to write an opinion on the question whether a Fifth Amendment violation occurred in this case would have no effect on the prosecution as it goes forward. While compliance with the certification requirement of Article 44.01(a)(5) may fully suffice to secure the State's right to appeal the granting of a motion to suppress, it does not and could not authorize the court of appeals to issue an advisory opinion.[6] Nothing about this Court's opinion in *Johnson v. State*,[7] which the majority cites and Judge Johnson finds controlling, purports to indicate otherwise.

## II.

The court of appeals voiced an alternate justification for rejecting the State's argument on appeal. Although Officer Mabe's roadside encounter with the appellee may have been recorded in its entirety by a video system in his squad car, the recording as it arrived in the court of appeals "ends when [the appellee's car] is stopped."[8] The admissibility of any statement that the appellee may have given after the HGN test was administered would turn on whether the appellee was, at that time, subjected to custodial detention so as to call for *Miranda* warnings.[9] Because there was no live testimony adduced at the suppression hearing with respect to what happened after the HGN test, the only possible evidence that might have illuminated the question whether the appellee was under custodial detention, and thus should have been Mirandized, at the time he made any post-HGN statement, was the video tape.[10] But, because there is no such video tape in the record, either because it does not exist or because the portion that was admitted at the hearing inexplicably ends when the appellee's car was stopped, the court of appeals declared that it had no basis to review (much less reject) the trial court's ruling with respect to the admissibility of any post-HGN statements.[11] Thus, the court of appeals essentially held, even if any opinion it might render would not be purely advisory, the State would nevertheless lose the appeal because it failed to present a record sufficient to demonstrate that the trial court's ruling was erroneous.

Just last week we reiterated that the appealing party has the burden to present a record on appeal that is sufficient to

---

5. As the State conceded on appeal. *Id.* ("The State concedes that the record does not reflect the questions and answers, if any, that were suppressed by the court.").

6. *See, e.g., Armstrong v. State*, 805 S.W.2d 791, 794 (Tex.Crim.App.1991) (although State had the *right* to appeal a particular issue under Article 44.01(c), court of appeals nevertheless correctly dismissed State's appeal to avoid rendering an advisory opinion, since appellate courts in Texas "are without authority to render advisory·opinions"). *Cf. Morrow v. Corbin*, 122 Tex. 553, 562, 62 S.W.2d 641, 646 (1933) (appellate courts in Texas have

original and appellate jurisdiction under the Texas Constitution, but are not constitutionally "given any advisory power").

7. 871 S.W.2d 744, 749 (Tex.Crim.App.1994).

8. *State v. Chupik, supra,* at *1.

9. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

10. *State v. Chupik, supra,* at *4.

11. *Id.*

demonstrate error in the trial court.[12] In that case, it was a defendant who appealed from his conviction but lost because he failed to assure a record on appeal that memorialized the particular error he asserted. But sauce for the defense-bar goose is sauce for the prosecutorial gander. Here, it is the State's appeal, and the State Prosecuting Attorney does not argue that the court of appeals erred in its alternate holding. If only for this reason, we should affirm the court of appeals's judgment. To the decision nevertheless to remand the cause to the court of appeals—to what end, I cannot comprehend, given that court's alternate holding—I respectfully dissent.

---

12. *Davis v. State,* 345 S.W.3d 71, 77-78, 2011 WL 2200812 (Tex.Crim.App.2011).