# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-09-00356-CR

**The State of Texas, Appellant**

**v.**

**Randall Chupik, Appellee**

### FROM COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY
### NO. C-1-CR-08-222890
### HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State charged Randall Chupik with driving while intoxicated. The trial court granted Chupik's pretrial motion to suppress evidence, and the State appealed. *See State v. Chupik*, No. 03-09-00356-CR, 2010 Tex. App. LEXIS 3618 (Tex. App.—Austin May 13, 2010), *rev'd*, 2011 Tex. Crim. App. LEXIS 824 (June 15, 2011). We affirmed the trial court's order. *Id*. at *1. The State appealed our decision. *See State v. Chupik*, PD-0960-10, 2011 Tex. Crim. App. LEXIS 824 (Tex. Crim. App. June 15, 2011). The Court of Criminal Appeals reversed and remanded. *Id*. at *1. On remand, we reverse the trial court's order and remand the cause for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

We previously detailed the facts of this case, *see State v. Chupik*, 2010 Tex. App. LEXIS 3618, at *1-6, so here we only outline them. A police officer stopped Chupik's vehicle after seeing it weaving on a public street. After asking Chupik some questions, the officer gave Chupik three field sobriety tests, the first of which was a Horizontal Gaze Nystagmus ("HGN") test. After administering the three tests, the officer formally arrested Chupik.

At the hearing on his motion to suppress, Chupik argued that the stop and the initial questions violated his federal constitutional rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The trial court ruled that the stop and the initial questions were permissible, but it made written findings of fact and conclusions of law that Chupik was "under arrest at the conclusion of the administration of the HGN test" and was thereafter "subjected to custodial interrogation without having had his *Miranda warnings* recited to him." (Emphasis in original.) The trial court therefore suppressed "[t]he answers to all questions asked of Chupik after the administration of the [HGN test] . . . exclusive of his response to the question as to whether he would give a breath or blood sample."

On appeal, the State argued that the trial court erred by concluding that Chupik was in custody for *Miranda* purposes after the administration of the HGN test. We affirmed the trial court's order. *See State v. Chupik*, 2010 Tex. App. LEXIS 3618, at *1. The State appealed our decision, and the court of criminal appeals reversed and remanded. *See State v. Chupik*, 2011 Tex. Crim. App. LEXIS 824, at *1.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We defer almost completely to trial-court determinations of historical fact, especially when they are based on assessments of witness credibility and demeanor. *Id*. We also defer almost completely to trial-court rulings on the application of law to questions of fact, and to mixed questions of law and fact, when they depend on assessments of witness credibility and demeanor. *Id*. For mixed questions of law and fact that do not depend on assessments of witness credibility and demeanor, however, we review a trial court's rulings de novo. *Id*.

One such question is whether a person was "in custody" at a particular point in time. *Herrera v. State*, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007). A person is in custody if, under the circumstances, a reasonable person would believe that her freedom of movement was restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U.S. 318, 322 (1994); *Herrera*, 241 S.W.3d at 525; *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The determination of custody depends on objective circumstances, not the subjective view of the police or the suspect. *Stansbury*, 511 U.S. at 323; *Dowthitt*, 931 S.W.2d at 254. The subjective view of the police regarding custody may become relevant if it is conveyed to the suspect, but only to the extent that it would affect a reasonable person's understanding of his freedom of action. *Houston v. State*, 185 S.W.3d 917, 920 (Tex. App.—Austin 2006, pet. ref'd).

3

## DISCUSSION

The issue before us on remand is whether Chupik was "in custody" at the conclusion of the HGN test. The trial court ruled that he was, and because the arresting officer did not inform Chupik of his *Miranda* rights at that point, the court suppressed evidence that the officer subsequently obtained.[1]

What begins as a noncustodial traffic stop may escalate into a custodial detention, thereby triggering the driver's *Miranda* rights, before the driver is formally arrested. *See Berkemer v. McCarty*, 468 U.S. 420, 441-42 (1984); *State v. Stevenson*, 958 S.W.2d 824, 828 (Tex. Crim. App. 1977); *State v. Waldrop*, 7 S.W.3d 836, 839 (Tex. App.—Austin 1999, no pet.). A defendant bears the burden of establishing that such escalation has occurred. *See Herrera*, 241 S.W.3d at 526 (defendant bears burden of establishing he was "in custody" at particular point in time).

The only witness at the hearing on Chupik's motion to suppress was the officer who arrested Chupik. He testified that he stopped Chupik's vehicle shortly before 1:00 a.m. after seeing it change lanes without signaling. He testified that he had been following Chupik for several minutes and suspected that Chupik might be intoxicated because his vehicle had been weaving within its lane of traffic. Defense exhibit one, containing a three-minute excerpt from the officer's in-car video recording system, was introduced into evidence at the hearing. The video shows Chupik's vehicle driving down West Sixth Street followed by the officer's patrol car, and it contains the officer's running commentary on the quality of Chupik's driving. The video exhibit ends when Chupik is

---

[1] As we previously noted, the record does not indicate what actual evidence, if any, was suppressed. *See State v. Chupik*, No. 03-09-00356-CR, 2010 Tex. App. LEXIS 3618, at *8 (Tex. App.—Austin May 13, 2010), *rev'd*, 2011 Tex. Crim. App. LEXIS 824 (June 15, 2011).

4

stopped by the officer; there is no video evidence in the record of the subsequent interaction between the officer and Chupik.

The officer testified that when he spoke to Chupik through the driver's window immediately after the stop, he smelled the odor of alcohol on Chupik's breath and noticed that Chupik's speech was slurred and his eyes were bloodshot. The officer ordered Chupik to get out of his vehicle and began to ask Chupik a series of questions, twenty or twenty-one in all. The officer testified that Chupik was not free to leave during this questioning, but he also testified that Chupik was not restrained and was not told that he was under arrest.

After completing this questioning, the officer administered the standardized field sobriety tests, beginning with the HGN test. The officer did not testify as to Chupik's performance on this test, but he testified that when it was concluded, he believed that he had probable cause to arrest Chupik for DWI. There is no evidence that the officer conveyed this belief to Chupik, however, and the officer testified that he did not decide to actually arrest Chupik until after he finished administering the other field sobriety tests.

No other evidence was introduced at the hearing on Chupik's motion. It appears that the trial court may have received additional video evidence after the hearing, but we must disregard that evidence because it is not in the record. *See Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998).

Based on the evidence that is in the record, we hold that the trial court abused its discretion by ruling that Chupik was in custody after the HGN test. A noncustodial traffic stop does not escalate into a custodial detention just because a motorist is questioned and ordered to perform field sobriety tests. *Berkemer*, 468 U.S. at 442; *Waldrop*, 7 S.W.3d at 839; *State v. Hutto*,

5

977 S.W.2d 855, 858 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  Apart from questioning and field sobriety tests, however, the record contains no evidence of objective circumstances that suggest Chupik was in custody after the HGN test.[2]  *See Dowthitt*, 931 S.W.2d at 254 (determination of custody depends on objective circumstances).  In other words, the evidence did not support the trial court's ruling that Chupik was in custody after the HGN test.  *See Hutto*, 977 S.W.2d at 858 (where evidence showed only that motorist was questioned and ordered to perform field sobriety tests, evidence did not support ruling that motorist was in custody).  A ruling that is not supported by the evidence is an abuse of discretion.  *See Carroll v. State*, 916 S.W.2d 494, 503 (Tex. Crim. App. 1996).  We therefore reverse the order granting Chupik's motion to suppress and remand the cause for further proceedings.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson;
    Justice Patterson not participating

Reversed and Remanded on Remand

Filed:  September 15, 2011

Do Not Publish

_____

[2]  As previously mentioned, the arresting officer did testify that he believed he had probable cause to arrest Chupik after the HGN test, but there is no evidence that the officer communicated this belief to Chupik.  The officer's belief therefore does not support a ruling that Chupik was in custody.  *See Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996); *Houston v. State*, 185 S.W.3d 917, 920 (Tex. App.—Austin 2006, pet. ref'd); *State v. Hutto*, 977 S.W.2d 855, 858 (Tex. App.—Houston [14th Dist.] 1998, no pet.).