TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND








NO. 03-09-00356-CR






The State of Texas, Appellant


v.


Randall Chupik, Appellee






FROM COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY

NO. C-1-CR-08-222890

HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 The State charged Randall Chupik with driving while intoxicated. The trial court
granted Chupik's pretrial motion to suppress evidence, and the State appealed. See State v. Chupik,
No. 03-09-00356-CR, 2010 Tex. App. LEXIS 3618 (Tex. App.--Austin May 13, 2010), rev'd,
2011 Tex. Crim. App. LEXIS 824 (June 15, 2011). We affirmed the trial court's order. Id. at *1.
The State appealed our decision. See State v. Chupik, PD-0960-10, 2011 Tex. Crim. App.
LEXIS 824 (Tex. Crim. App. June 15, 2011). The Court of Criminal Appeals reversed and
remanded. Id. at *1. On remand, we reverse the trial court's order and remand the cause for
further proceedings.




FACTUAL AND PROCEDURAL BACKGROUND

 We previously detailed the facts of this case, see State v. Chupik, 2010 Tex. App.
LEXIS 3618, at *1-6, so here we only outline them. A police officer stopped Chupik's vehicle after
seeing it weaving on a public street. After asking Chupik some questions, the officer gave Chupik
three field sobriety tests, the first of which was a Horizontal Gaze Nystagmus ("HGN") test. After
administering the three tests, the officer formally arrested Chupik.

 At the hearing on his motion to suppress, Chupik argued that the stop and the initial
questions violated his federal constitutional rights. See Miranda v. Arizona, 384 U.S. 436 (1966).
The trial court ruled that the stop and the initial questions were permissible, but it made written
findings of fact and conclusions of law that Chupik was "under arrest at the conclusion of the
administration of the HGN test" and was thereafter "subjected to custodial interrogation without
having had his Miranda warnings recited to him." (Emphasis in original.) The trial court therefore
suppressed "[t]he answers to all questions asked of Chupik after the administration of the [HGN test]
. . . exclusive of his response to the question as to whether he would give a breath or blood sample." 

 On appeal, the State argued that the trial court erred by concluding that Chupik was in
custody for Miranda purposes after the administration of the HGN test. We affirmed the trial court's
order. See State v. Chupik, 2010 Tex. App. LEXIS 3618, at *1. The State appealed our decision,
and the court of criminal appeals reversed and remanded. See State v. Chupik, 2011 Tex. Crim. App.
LEXIS 824, at *1.





STANDARD OF REVIEW

 We review a trial court's ruling on a motion to suppress for abuse of discretion. 
Crain v. State, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We defer almost completely to trial-court determinations of historical fact, especially when they are based on assessments of
witness credibility and demeanor. Id. We also defer almost completely to trial-court rulings on the
application of law to questions of fact, and to mixed questions of law and fact, when they depend
on assessments of witness credibility and demeanor. Id. For mixed questions of law and fact that
do not depend on assessments of witness credibility and demeanor, however, we review a
trial court's rulings de novo. Id.

 One such question is whether a person was "in custody" at a particular point in time.
Herrera v. State, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007). A person is in custody if, under
the circumstances, a reasonable person would believe that her freedom of movement was restrained
to the degree associated with a formal arrest. Stansbury v. California, 511 U.S. 318, 322 (1994);
Herrera, 241 S.W.3d at 525; Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The
determination of custody depends on objective circumstances, not the subjective view of the police
or the suspect. Stansbury, 511 U.S. at 323; Dowthitt, 931 S.W.2d at 254. The subjective view of
the police regarding custody may become relevant if it is conveyed to the suspect, but only to the
extent that it would affect a reasonable person's understanding of his freedom of action. Houston
v. State, 185 S.W.3d 917, 920 (Tex. App.--Austin 2006, pet. ref'd). 




DISCUSSION

 The issue before us on remand is whether Chupik was "in custody" at the conclusion
of the HGN test. The trial court ruled that he was, and because the arresting officer did not inform
Chupik of his Miranda rights at that point, the court suppressed evidence that the officer
subsequently obtained. (1)

 What begins as a noncustodial traffic stop may escalate into a custodial detention,
thereby triggering the driver's Miranda rights, before the driver is formally arrested. See Berkemer
v. McCarty, 468 U.S. 420, 441-42 (1984); State v. Stevenson, 958 S.W.2d 824, 828 (Tex. Crim.
App. 1977); State v. Waldrop, 7 S.W.3d 836, 839 (Tex. App.--Austin 1999, no pet.). A defendant
bears the burden of establishing that such escalation has occurred. See Herrera, 241 S.W.3d at 526
(defendant bears burden of establishing he was "in custody" at particular point in time).

 The only witness at the hearing on Chupik's motion to suppress was the officer who
arrested Chupik. He testified that he stopped Chupik's vehicle shortly before 1:00 a.m. after seeing
it change lanes without signaling. He testified that he had been following Chupik for several minutes
and suspected that Chupik might be intoxicated because his vehicle had been weaving within its lane
of traffic. Defense exhibit one, containing a three-minute excerpt from the officer's in-car video
recording system, was introduced into evidence at the hearing. The video shows Chupik's vehicle
driving down West Sixth Street followed by the officer's patrol car, and it contains the officer's
running commentary on the quality of Chupik's driving. The video exhibit ends when Chupik is
stopped by the officer; there is no video evidence in the record of the subsequent interaction between
the officer and Chupik. 

 The officer testified that when he spoke to Chupik through the driver's window
immediately after the stop, he smelled the odor of alcohol on Chupik's breath and noticed that
Chupik's speech was slurred and his eyes were bloodshot. The officer ordered Chupik to get out of
his vehicle and began to ask Chupik a series of questions, twenty or twenty-one in all. The officer
testified that Chupik was not free to leave during this questioning, but he also testified that Chupik
was not restrained and was not told that he was under arrest.

 After completing this questioning, the officer administered the standardized
field sobriety tests, beginning with the HGN test. The officer did not testify as to Chupik's
performance on this test, but he testified that when it was concluded, he believed that he had
probable cause to arrest Chupik for DWI. There is no evidence that the officer conveyed this belief
to Chupik, however, and the officer testified that he did not decide to actually arrest Chupik until
after he finished administering the other field sobriety tests.

 No other evidence was introduced at the hearing on Chupik's motion. It appears that
the trial court may have received additional video evidence after the hearing, but we must disregard
that evidence because it is not in the record. See Hoyos v. State, 982 S.W.2d 419, 422 (Tex. Crim.
App. 1998).

 Based on the evidence that is in the record, we hold that the trial court abused its
discretion by ruling that Chupik was in custody after the HGN test. A noncustodial traffic stop
does not escalate into a custodial detention just because a motorist is questioned and ordered to
perform field sobriety tests. Berkemer, 468 U.S. at 442; Waldrop, 7 S.W.3d at 839; State v. Hutto,
977 S.W.2d 855, 858 (Tex. App.--Houston [14th Dist.] 1998, no pet.). Apart from questioning and
field sobriety tests, however, the record contains no evidence of objective circumstances that suggest
Chupik was in custody after the HGN test. (2)
 See Dowthitt, 931 S.W.2d at 254 (determination of
custody depends on objective circumstances). In other words, the evidence did not support the
trial court's ruling that Chupik was in custody after the HGN test. See Hutto, 977 S.W.2d at 858
(where evidence showed only that motorist was questioned and ordered to perform field sobriety
tests, evidence did not support ruling that motorist was in custody). A ruling that is not supported
by the evidence is an abuse of discretion. See Carroll v. State, 916 S.W.2d 494, 503 (Tex. Crim.
App. 1996). We therefore reverse the order granting Chupik's motion to suppress and remand the
cause for further proceedings.


 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson;

 Justice Patterson not participating


Reversed and Remanded on Remand

Filed: September 15, 2011

Do Not Publish
1. As we previously noted, the record does not indicate what actual evidence, if any,
was suppressed. See State v. Chupik, No. 03-09-00356-CR, 2010 Tex. App. LEXIS 3618, at *8
(Tex. App.--Austin May 13, 2010), rev'd, 2011 Tex. Crim. App. LEXIS 824 (June 15, 2011).
2. As previously mentioned, the arresting officer did testify that he believed he had
probable cause to arrest Chupik after the HGN test, but there is no evidence that the officer
communicated this belief to Chupik. The officer's belief therefore does not support a ruling that
Chupik was in custody. See Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996);
Houston v. State, 185 S.W.3d 917, 920 (Tex. App.--Austin 2006, pet. ref'd); State v. Hutto,
977 S.W.2d 855, 858 (Tex. App.--Houston [14th Dist.] 1998, no pet.).