# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**ON MOTION FOR
RECONSIDERATION EN BANC**

---

**NO. 03-24-00535-CR**

---

**The State of Texas, Appellant**

**v.**

**Jason Nassour, Appellee**

---

**FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-DC-24-904061, THE HONORABLE KAREN SAGE, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

I respectfully dissent because I would conclude that the trial court's written order on remand (the Order) prevents the State from prosecuting part of its indictment under an erroneous interpretation of federal preemption law and is therefore appealable pursuant to article 44.01(a)(1). *See* Tex. Code Crim. Proc. art. 44.01(a)(1) (authorizing State to appeal order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint").

This appeal merits close attention, as it involves both a death during an encounter with law enforcement as well as important questions implicating our jurisdiction and the federal preemption doctrine, "a necessary but precarious component of our system of federalism."

*Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680, 687 (3d Cir. 2016). Although it may appear—given the significance of the Privacy Protection Act's effect on the prosecution—that the State was dilatory and waited until jeopardy attached to obtain a ruling from the district court, the issue has in fact been heavily litigated by both parties since the case's inception. The parties attempted to address the PPA's applicability through motions to quash or dismiss the indictment, motions in limine, and evidentiary rulings, and it was the subject of at least one prior pretrial appeal.[1] In short, this is not the State's first attempt at resolving the dispute.

The existence of the district court's Order is of paramount importance in deciding whether the State has a right to appeal. The district court complied with our instruction to enter a written order addressing "any effect of the PPA on the State's prosecution of Nassour in the underlying cause." *State v. Nassour*, 706 S.W.3d 627, 634 (Tex. App.—Austin 2024, pet. dism'd).[2] Thus, this is not a case in which the State seeks to appeal from an oral ruling. For that reason, I consider *State v. Sanavongxay* to be distinguishable. *See* 407 S.W.3d 252, 258 (Tex. Crim. App. 2012). The Court of Criminal Appeals in *Sanavongxay* held only that a written order is required to invoke an appellate court's jurisdiction, and the decision therefore poses no obstacle to the State's right to appeal the Order in this case. *See id.* (rejecting argument that oral ruling sufficed to confer jurisdiction). Because the district court memorialized its oral ruling in a written order, we are not faced with the difficulties that confronted the Court of Criminal

---

[1] *See State v. Nassour*, No. 03-23-00079-CR, 2023 WL 4495209 (Tex. App.—Austin July 13, 2023, pet. ref'd) (mem. op., not designated for publication).

[2] The Court of Criminal Appeals implicitly endorsed the practice of obtaining a written order to memorialize an oral ruling in *Ex parte Sinclair*, in which the Court considered an appeal from a written order obtained by the State from the magistrate judge after the court of appeals notified the parties that "the appeal was in danger of being dismissed for lack of a 'final, signed order.'" *See* 693 S.W.3d 346, 349, 357–60 (Tex. Crim. App. 2024).

Appeals in *Sanavongxay*, namely, that oral rulings are prone to contradictory interpretations, memories are fallible, and what is not committed to writing may be subject to change. *See id.*

As to whether the Order is appealable under article 44.01(a)(1), I would conclude that it effectively dismisses count one and overt acts five and eight of count two in Nassour's indictment. *See* Tex. Code Crim. Proc. art. 44.01(a)(1). Count one alleged that he "intentionally or knowingly concealed or destroyed audio and video recordings with the intent to impair their availability as evidence. *See* Tex. Penal Code § 37.09(a)(1). Overt acts five and eight alleged, respectively, that he allowed the recordings to be taken from the crime scene, ensuring their destruction, and allowed or authorized individuals to enter the crime scene and remove the recordings. *See id.* § 15.02(a)(2). Consequently, by finding that the video footage fell within the PPA and could not have legally been seized without a subpoena or court order and that evidence of the footage's return was not relevant unless shown to be for a reason other than "compliance with federal law," the district court effectively dismissed portions of the indictment pursuant to the preemption doctrine. *See* Tex. Code Crim. Proc. art. 44.01(a)(1).[3]

Article 44.01(a)(1) "was intended to be construed liberally in favor of State's appeals and was enacted with the intent to provide Texas prosecutors with the same broad powers afforded the federal government." *State v. Chupik*, 343 S.W.3d 144, 146 (Tex. Crim. App. 2011); *see State v. Moreno*, 807 S.W.2d 327, 333 (Tex. Crim. App. 1991) (quoting Tex. Gov't Code § 312.006). Under the article, the State has the power to appeal whenever an order "effectively terminates the prosecution in favor of the defendant," which occurs when an

---

[3] The district court's apparently conflicting finding that it "has not ordered and does not believe that the PPA preempts these prosecutions" may result from a belief that a prosecution is not preempted if the State can proceed on part of its indictment. Under article 44.01(a)(1), however, the State may appeal an order that dismisses "any portion of an indictment." *See* Tex. Code Crim. Proc. art. 44.01(a)(1).

order's effect "forces any alteration of the indictment or information," and the State "is not willing to comply with that order." *Moreno*, 807 S.W.2d at 332, 334 (recognizing that courts of appeals have jurisdiction to reach merits of appeals from such orders). That the State might be able to amend its charging instrument in response to the trial court's order is "of no significance." *Id.* at 333. "[T]he State is entitled to stand on its charging instrument and appeal a trial court's adverse ruling dismissing the same, even if amendment is possible." *State v. Plambeck*, 182 S.W.3d 365, 370 (Tex. Crim. App. 2005); *see In re State ex rel. Weeks*, 391 S.W.3d 117, 124 (Tex. Crim. App. 2013) (recognizing that State is entitled to choose which offenses and legal theories to pursue). The article has no temporal limitation, and the State may appeal an order that has the effect of dismissing all or part of a prosecution even after jeopardy has attached. *State v. Stanley*, 201 S.W.3d 754, 757–58 (Tex. Crim. App. 2006).

How a trial court designates its ruling is of no import. The mere label attached to a trial court's order is not determinative of whether the order is appealable under art. 44.01. *Moreno*, 807 S.W.2d at 332. "To so hold would allow defendants to label their motions in a manner that would circumvent the State's right to appeal." *State v. Roberts*, 940 S.W.2d 655, 658 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002).

Rather, a reviewing court must also consider the order's substance and effect when construing it for purposes of determining the court's jurisdiction. *See Smith v. State*, 559 S.W.3d 527, 533 (Tex. Crim. App. 2018). In other words, "the State may appeal any order, short of an acquittal, which has the effect of terminating the prosecution, regardless of how the order is labeled or characterized." *State v. Rosseau*, 398 S.W.3d 769, 774 (Tex. App.—San Antonio 2011), *aff'd*, 396 S.W.3d 550 (Tex. Crim. App. 2013). As the Court of Criminal

4

Appeals has acknowledged, "if we were to allow trial courts the unfettered discretion to protect their erroneous or questionable rulings merely by calling them something other than dismissals, this would vitiate any power of the State to appeal." *Moreno*, 807 S.W.2d at 333.

That is precisely what is at stake in this appeal: viewed under the liberal construction adopted by the Legislature, *see Chupik*, 343 S.W.3d at 146, does the district court's Order have the effect of preventing the State from proceeding on its chosen indictment and theory of prosecution? *See In re State*, 391 S.W.3d at 124; *Moreno*, 807 S.W.2d at 332, 334. I would answer that it does.[4]

I consider the fairest understanding of the record below—as embodied in the Order's first and fourth findings—to be that the district court has effectively dismissed count one and overt acts five and eight of count two based on its determination that prosecution of those charges is preempted by the PPA, pursuant to which the court believes the charged conduct was required no matter its legality under state law. Consequently, I would conclude that we have jurisdiction over Nassour's appeal. For that reason, and because I would hold that the district court's preemption ruling was erroneous, I respectfully dissent.

_____

Rosa Lopez Theofanis, Justice

Dissenting Opinion Joined by Justice Kelly
    Justice Triana not participating

Filed: August 29, 2025

Publish

_____

[4] Notably, the State's attorney represented to the trial court that "releasing the videos and recording equipment from that patrol vehicle that day" constituted "the core of the State's case."